SOUTHLINE EQUIPMENT
CO., Appellant,

v.

NATIONAL MARINE SERVICE
INCORPORATED, Appellee.

No. B2313.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 26, 1980.

Joe S. Maida, Houston, for appellant.

James B. Warren, Joseph Newton, Fulbright & Jaworski, Houston, for appellee.

Before COULSON, SALAZAR and JUNELL, JJ.

JUNELL, Justice.

National Marine Service Incorporated (National) sued Southline Equipment Co. (Southline) on a sworn account to recover the amount claimed due for material and services rendered in repairing a forklift machine. Two of Southline's employees had solicited National to repair, and ultimately

replace, the engine in the machine. Southline filed a sworn denial of authority of its agents to bind the company for such repairs. After a trial to the court, judgment was rendered that National recover from Southline the sum of $4,099.80 plus prejudgment interest at the rate of 9% and attorney's fees. Southline appeals claiming no evidence and, alternatively, insufficient evidence to support the judgment, that appellee's pleadings were insufficient to support the court's findings, and that the award of 9% prejudgment interest is excessive. We overrule appellant's evidence and pleading points and sustain the point attacking the excessive interest award.

■ In considering appellant's no evidence points, this court must consider only the evidence and the inferences tending to support the trial court's findings and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). The trial court made the finding that Southline, a corporation, contracted with National, a corporation, for the repair of the machine located on Southline's premises and that it agreed to pay National the reasonable cost of the parts and labor. Because a corporation can only act through its agents, implicit in the court's finding is the fact that Southline's agents or employees were authorized to bind their employer for such an expense. Thus, this court must look only to that evidence supporting the finding of authority. The question turns on the authority, or lack thereof, of the two employees of Southline in July, 1973, to contract for the repairs done and thus bind their employer for payment.

Plaintiff-appellee's original petition alleges that " . . . at the special instance and request of the said defendant, plaintiff furnished the defendant labor and material of the reasonable value of $4,214.87. . . " Appellant did not specially except to the pleadings; it merely questioned the authority of its agents to so bind the company.

■ For appellee to recover on any theory of apparent authority of appellant's agents, the general rule requires that such apparent authority, or estoppel, be specifically pleaded and proved. *Minneapolis-Moline Company v. Purser*, 361 S.W.2d 239 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.). However, appellant's failure to specially except to appellee's petition acts as a waiver of any defect for purposes of appellate review. Tex.R.Civ.P. 90; *Swinford v. Allied Finance Company of Casa View*, 424 S.W.2d 298 (Tex.Civ.App.—Dallas 1968, writ dism'd), *cert. den.*, 393 U.S. 923, 89 S.Ct. 253, 21 L.Ed.2d 259. Absent any special exception to the pleadings, appellee was entitled to prove any type of authority of appellant's agents to support its claim for payment. We overrule appellant's point claiming that appellee's pleadings were insufficient to support the judgment.

In Southline's response to interrogatories, it stated that Whitey Balge was employed as shop foreman in its Airline Drive Shop in July of 1973. In his trial testimony, the vice president and general manager of Southline stated that Dave Plaunty was employed as rental service supervisor at the time in question. Terry Johnson, the service manager for National in July, 1973, testified that Dave Plaunty was employed by Southline as its service manager. Johnson explained that National had previously performed service work for Southline, and that Southline's common practice was to request National's services by telephone call, usually from Dave to Johnson or Johnson's supervisor. Southline was in the forklift business, and this request was for service on a forklift machine. In July, 1973, Johnson dealt with Dave and Whitey regarding the forklift repair made the basis of this suit; they requested that he submit estimates for the repair or replacement of the motor. The motor was removed and replaced while the machine was on the premises of appellant Southline. The work continued over a two to three day period, and Dave and Whitey were present during the work and approved the service job upon completion. Defendant's exhibit one is a statement of account from National to Southline showing three items for payment incurred in April and October of the same year. National's division manager testified that those items had been paid.

■ National's recovery in this case rests on a showing of Dave's and Whitey's authority to contract. It must show some representations made by Southline to those dealing with its agents. Because there is no evidence of a direct communication of authority, Southline's agents must have been clothed with sufficient apparent authority on which third parties were entitled to rely. The doctrine of apparent authority is based on estoppel, and to charge a principal under this theory, one must show conduct on the part of the principal that would lead a reasonably prudent person, using diligence and discretion, to suppose that the agent has the authority he purports to exercise. *Chastain v. Cooper & Reed*, 152 Tex. 322, 257 S.W.2d 422 (1953). The acts or words of the agent are not to be considered in determining the existence of this relationship. *Bugh v. Word*, 424 S.W.2d 274 (Tex.Civ.App.—Austin 1968, writ ref'd n. r. e.).

■ We hold that there is evidence in the record of apparent authority of Southline's employees to bind the company for service repairs. The course of dealing between the parties and the manner in which all service requests were made by Southline would indicate to a third party dealing with the service manager and shop foreman that those employees had authority to so act. Appellant's no evidence points are overruled.

■ Appellant further argues that the finding of authority is against the great weight and preponderance of the evidence, or alternatively, that it is supported by insufficient evidence. Such a challenge to the evidence requires this court to consider all the evidence to determine if the evidence supporting the finding is so weak, or the evidence to the contrary so overwhelming, that the finding should be set aside. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

In addition to the evidence recited above supporting the finding of authority, the record reveals testimony contrary to that finding. Southline, in its answers to interrogatories, responded that Dave Plaunty would have had authority to contract for such repairs only if his request had been confirmed by written purchase order, and the record reveals no such purchase order. Johnson, National's service manager, testified that he only knew of Plaunty's and Balge's authority to contract for repairs from what they had told him.

■ The agent's authority is presumed to be coextensive with the business entrusted to his care; that authority is not diminished, at the expense of third parties, by private instructions or limitations by the principal not communicated to third parties dealing with the agent. *Jarbe Oil Company v. Birdwell & Son Drilling Co.*, 335 S.W.2d 394 (Tex.Civ.App.—Eastland 1960, writ ref'd n. r. e.). Thus, Plaunty's alleged violation of an in-house rule does not affect his capacity to deal with third parties in the area of his responsibility.

■ Johnson's statement that his only knowledge of the agents' authority was through their own representations does not defeat the apparent authority they possessed. Other testimony established the course of business dealings conducted through those same employees which was accepted by other officials at National.

We hold that, based on the entire record, the finding of authority is supported by sufficient evidence, and is not contrary to the overwhelming weight of the evidence. Appellant's insufficient evidence points are overruled.

■ Appellant assigns as error the trial court's award of 9% prejudgment interest from the date of the invoice on the grounds that it is excessive and that the pleadings do not support the award. Because the date of injury is not in dispute, a simple prayer for interest is sufficient to provide fair notice of the claim. *Black Lake Pipe Line Co. v. Union Const. Co.*, 538 S.W.2d 80 (Tex.1976). The statute allowing prejudgment interest in effect at the time of trial was Tex.Rev.Civ.Stat.Ann. art

5069–1.03 (Vernon 1971).[1] That statute fixes the legal rate of prejudgment interest at 6% on written contracts and on all open accounts unless otherwise fixed by the parties. There is no written contract between these parties and their dealings do not constitute an open account. An open account results when one or more elements of a contractual agreement remain open, as distinguished from a special contract in which all the contractual terms are fixed and certain . In an open account the relation of debtor and creditor is established by general course of dealings; it cannot rest on one or more isolated transactions resting on special contract. *McDonald v. Watkins*, 353 S.W.2d 905 (Tex.Civ.App.—Fort Worth 1962, no writ); *Bixler v. Dolieve*, 220 S.W. 148 (Tex.Civ.App.—Beaumont 1920, writ dism'd), both citing *McCamant v. Batsell*, 59 Tex. 363 (1883). All terms in this oral contract were fixed and no relation of debtor and creditor was established by general course of dealings. Thus, the award of prejudgment interest cannot rest on statute.

Appellees assert, and the Texas Supreme Court has held, that interest on a sum due is allowed as damages for a defendant's failure to pay the amount due for labor and materials furnished. *Davidson v. Clearman*, 391 S.W.2d 48 (Tex.1965). That court stated that the interest due as damages is allowed from the date the money was due as a matter of law. It assessed the prejudgment interest " . . . at the legal rate of 6%." 391 S.W.2d at 52. Appellee argues that it would only be restricted to 6% interest had it recovered through the sworn account procedure; that the filing of a sworn denial nullified the procedural advantage available in a suit under Tex.R. Civ.P. 185, thus lifting the corresponding restrictions. It is unreasonable to allow a greater rate of interest on a debt which does not conform to the statute than is allowed on a suit under the statute. Thus, we modify the trial court's prejudgment interest award. We hold that National recover from Southline the judgment amount plus prejudgment interest at the rate of 6% from the date the amount became due: thirty days after the date of the invoice.

Appellant's other points of error are overruled and the judgment, as modified, is affirmed.

---

1. Subsequently amended: Tex.Rev.Civ.Stat.Ann. art. 5069–1.03 (Vernon Supp. 1971–1979).