**Autrey Edward CATES, Sr., Edward Cates, Jr., and Leroy Ward, Appellants**

v.

**CINCINNATI LIFE INSURANCE COMPANY, Northwestern Mutual Life Insurance Company, Mid–Continent Life Insurance Company, Central Life Assurance Company, Phoenix Mutual Life Insurance Company and Jackson National Life Insurance Company of Texas, Appellees.**

**No. 06–94–00129–CV.**

Court of Appeals of Texas, Texarkana.

Sept. 21, 1995.

W. David Carter, Smith, Stroud, McCler-
kin, Dunn & Nutter, Texarkana, for Autrey
Edward Cates, Sr., Edward Cates, Jr., and
Leroy Ward.

Ralph K. Burgess, Patton, Haltom, Roberts, McWilliams & Greer LLP, Texarkana, for Mid–Continent Life Ins.

Jennifer Haltom Doan, Figari & Davenport, Dallas, for Northwestern Mutual Life.

Arthur M. Meyer, Jr., Brown McCarroll & Oaks Hartline, Dallas, for Jackson Nat. Life Ins.

Andrew G. Jubinsky, Figari & Davenport, Dallas, for Northwestern Mut. Life and Phoenix Mutual Life.

Michael F. Jones, Gooding & Dodson, Texarkana, for Cincinnati Life Ins.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Autrey Cates, Sr., Edward Cates, Jr., and Leroy Ward (the Cateses), the plaintiffs below, appeal the granting of motions for summary judgment and the entry of a take-nothing judgment against them in favor of the defendants: Cincinnati Life Insurance Company, Northwestern Mutual Insurance Company, Mid–Continent Life Insurance Company, Central Life Assurance Company, Phoenix Mutual Life Insurance Company, and Jackson National Life Insurance Company of Texas. The Cateses make the following contentions:

(1) The trial court erred in granting summary judgment for the insurance companies because there existed a genuine issue of material fact regarding the authority of Gale Butler to act on behalf of all defendants.

(2) The trial court erred in granting summary judgment for the insurance companies because there existed a genuine issue of material fact regarding the Cateses' causes of action for violation of the Texas DTPA and Insurance Code.

(3) The trial court erred in granting summary judgment for Mid–Continent Life because there existed a genuine issue of material fact concerning the existence of an agency relationship and issuance of policies.

(4) The trial court erred in ordering that the Cateses take nothing against all defendants because the Cateses' claims against all defendants were not addressed by the defendants' motions or the trial court's rulings.

In December of 1987, Gale Butler, an agent for each of the defendant insurance companies, approached Edward Cates, Jr. Edward Cates, Jr. purchased a number of life insurance policies on the life of Leroy Ward, an employee of Edward Cates, Jr. Each policy named Autrey Cates, Sr., Edward Cates, Jr.'s father, as the beneficiary.

These policies were bought by, and delivered to, Edward Cates, Jr. through Butler. Over the next three years, Edward Cates, Jr. made several premium payments by check and cash to Butler. During this entire time, Butler assured the Cateses he was using the money to keep the policies in force.

In October of 1991, Edward Cates, Jr. wrote each of the insurance companies, inquiring as to the status of the policies. The following month, Edward Cates, Jr. learned from the insurance companies that the policies were not in force. The Cateses then filed suit against the insurance companies and Butler, alleging violations of the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA) and the Texas Insurance Code, as well as negligence by the defendants in failing to exercise reasonable care in the processing and handling of the insurance policies, applications, and premium payments. The Cateses further alleged each defendant insurer was negligent in failing to use ordinary care in the hiring and/or appointing of Butler as their agent, in failing to properly supervise and/or audit the practices and conduct of Butler, and in failing to use ordinary care to warn the Cateses that Butler, acting as an agent for each defendant insurer, was fraudulently misrepresenting coverage to the plaintiffs. The Cateses' cause of action against Butler was subsequently severed.

Mid–Continent Life, Jackson National Life, and Cincinnati Life each individually filed a motion for summary judgment. Three other insurance companies, North-

western Mutual Life, Central Life, and Phoenix Mutual Life (collectively referred to as the Northwestern insurance group) together filed an additional motion for summary judgment. The trial court granted all the motions for summary judgment.

The Northwestern insurance group has filed a number of cross-points seeking to have the summary judgment approved on appeal on additional grounds that were specifically denied by the trial court. Counsel has filed an able brief setting forth contentions as to why these cross-points should be considered by this Court.

In *Delaney v. University of Houston,* the Texas Supreme Court held that the court's practice was to limit its consideration to the grounds upon which a summary judgment was granted and affirmed. 835 S.W.2d 56, 58 (Tex.1992). The Texas Supreme Court later discussed at length the question of an appellate court affirming on alternate grounds not considered by the trial court, and the plurality concluded that the most judicious procedure was not to consider on appeal the alternate grounds upon which the summary judgment was not granted. *State Farm Fire & Casualty Co. v. S.S.,* 858 S.W.2d 374, 383 (Tex.1993). The plurality opinion, the concurring opinion, and the dissenting opinion in *State Farm Fire & Casualty* all discuss judicial economy as a basis for their position. Judicial economy will be best served by having a hard-and-fast rule for all litigants and trial judges to follow. A rule providing that the appellate court will sometimes consider the alternate grounds and sometimes not will not serve the judicial system well. This procedure should be specifically set forth in the Rules of Appellate Procedure, then all parties in the trial court would know what to expect on appeal.

■ When the court enters a broad judgment not specifying the grounds upon which the judgment is granted, then all grounds will be considered to determine if any ground

supports the judgment. *Rogers v. Ricane,* 772 S.W.2d 76, 79 (Tex.1989). In the present case, the trial court denied the summary judgment to Northwestern, Central, Phoenix and Mid–Continent[1] on the other grounds; therefore, it is difficult to say that these grounds were not considered and were merely alternate grounds.

■ The denial of a summary judgment is not appealable. *Novak v. Stevens,* 596 S.W.2d 848 (Tex.1980). In effect, the trial court denied summary judgment on the alternate grounds in this case except for the order granting summary judgment for Jackson. Therefore, we are confined to ruling on the grounds specified by the trial court for the granting of the summary judgment except for Jackson in which the alternate grounds were not ruled on.

The basis of a motion for summary judgment is no genuine issue exists for any material fact and the movant is entitled to summary judgment as a matter of law. TEX. R.CIV.P. 166a(c). The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law; in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true, and every reasonable inference may be indulged in favor of the nonmovant and any doubts resolved in his or her favor. *Nixon v. Mr. Property Management,* 690 S.W.2d 546 (Tex.1985).

### Analysis

We shall analyze each order granting summary judgment to determine if the court's grounds left no material fact issues to be litigated by the parties. As we have discussed earlier, the judgment cannot be affirmed on grounds other than those specifically set forth when the judgment does specify the grounds upon which it was granted.[2] The Cateses' points of error basically com-

---

1. Mid–Continent has not sought to raise cross-points on appeal.

2. As stated in David Hittner & Lynne Liberato, *Summary Judgments in Texas,* 35 So.TEX.L.R. 9, 58 (1994), "[I]t is to the movant's advantage to obtain a broad judgment that can be sustained on any theory presented to the trial court in the motion. Conversely, the losing nonmovant should seek to have the court specify the ground upon which judgment was granted, if it was upon one of the several grounds."

plain that there were genuine issues of material fact and that the trial court ruling did not address all of the issues in the case.

Because there is some variation existing in the order granting summary judgment and in the summary judgment proof and allegations, we shall discuss the various defendants separately.

## Jackson Life

■ The trial court's order granting Jackson's motion for summary judgment was on the basis of the following two specified grounds:

1. As a matter of law, Gale A. Butler had no actual, apparent or implied authority on behalf of Defendant Jackson National to commit any of the actions or make any of the representations complained of by the Plaintiffs in this lawsuit, and, therefore, such action and representations are not imputed to Jackson National, and Jackson National is not liable to Plaintiffs for such action or representation;

2. As a matter of law, Defendant Jackson National did not make any false, deceptive or misleading statements or representations to the Plaintiffs or commit any actionable conduct under the Deceptive Trade Practices–Consumer Protection Act or the Texas Insurance Code, and, therefore, Defendant Jackson National is not liable to Plaintiffs for any claim asserted against Jackson National under the Texas Deceptive Trade Practices–Consumer Protection Act or the Texas Insurance Code.

The trial court based the first specified ground on *Celtic Life Ins. Co. v. Coats*, 36 Tex.Sup.Ct.J. 1259 (Sept. 10, 1993). In that opinion, the Texas Supreme Court found that because a jury had found an agent had no actual or implied authority to make misrepresentations, the insurance company could not be held liable for the misrepresentations of its agents. *Id.*

The Texas Supreme Court then reissued *Celtic Life Ins. Co. v. Coats*, withdrawing its prior opinion, finding that, in determining a principal's vicarious liability, the proper question is not whether the principal authorized the specific wrongful act, but rather, the proper inquiry is whether the agent was acting within the scope of the agent's relationship at the time of committing the act. 885 S.W.2d 96, 99 (Tex.1994).

In the case at bar, the proper inquiry was, therefore, whether Butler was acting within the scope of the agency relationship at the time of committing the act, not whether the principal authorized the specific wrongful act. The trial court erred in granting summary judgment on Jackson's behalf on the basis of Butler having no authority to commit acts complained of, which were the wrongful acts.

■ The second ground for granting the summary judgment stated by the trial court does not appear to cover any acts by Gale Butler for which Jackson National Life might be liable under some type of agency theory. Under the second ground found by the trial court, apparent or ostensible agency does not necessarily require false, deceptive, or misleading statements or representations by the principal, but consists of a lack of ordinary care by a principal in allowing an agent to be clothed with apparent authority. *Bugh v. Word*, 424 S.W.2d 274 (Tex.Civ.App.—Austin 1968, writ ref'd n.r.e.). Possible negligence in allowing such conduct is not foreclosed by the specified grounds for summary judgment, nor does the ground preclude a finding of negligence by the company on the other bases alleged by the plaintiffs.

Jackson Life urges that, at all times relevant to the suit, the policies issued by Jackson Life were in effect, and thus the damages alleged by the Cateses as applied to Jackson Life were nonexistent. This was not one of the specified reasons for granting the summary judgment, but the order does not specifically deny the motion on this ground; therefore, we abate the appeal of Jackson Life and remand it to the trial court for the ruling on the remaining grounds.

## Cincinnati

The order granting the summary judgment to Cincinnati contains the same specified grounds as the order in the Jackson Life case. Therefore, the discussion applied to

these specified grounds is applicable to Cincinnati. The other grounds were overruled by the trial court; therefore, the summary judgment on behalf of Cincinnati must be set aside.

### Northwestern, Central, and Phoenix

The Northwestern insurance group obtained an order granting summary judgment on the same bases as Jackson and Cincinnati. Therefore, the discussion under Jackson will be applicable to Northwestern insurance group. There is one variation in the Northwestern insurance group order from that of Jackson and Cincinnati. The second specified ground not only includes the Northwestern insurance group, but also finds that Gale Butler did not make any false, deceptive, or misleading statements or representations to the plaintiffs or commit any actionable conduct under the DTPA or the Texas Insurance Code. We find no summary judgment proof, showing as a matter of law, that Gale Butler did not make any false, deceptive, or misleading statements or representations to the plaintiffs or commit any actionable conduct under the DTPA or the Insurance Code.

Because we are limited by the specific grounds found by the trial court, and the other grounds were overruled, the summary judgments for the Northwestern insurance group must be set aside.

### Mid–Continent

■■■ In addition to the two specified findings made in the order for summary judgment for Jackson and Cincinnati, the trial court specified two additional grounds in the judgment for Mid–Continent:

3. As a matter of law, no policies of insurance were issued by Mid–Continent Life Insurance Company to any of the Plaintiffs.

4. As a matter of law, no agency or employment relationship existed between Gale Butler and Defendant Mid–Continent Life Insurance Company at the time of any representations by Gale Butler to Plaintiffs or any of them.

The determination that no policies were issued by Mid–Continent does not negate the possibility of conduct that enticed the plaintiffs to give money to Butler for the purpose of purchasing such policies. The determination that no agency or employment existed at the time the representations were made did not negate prior conduct by the principal that may have clothed Butler in an apparent agency. We find no summary judgment proof entitling Mid–Continent to a judgment on the issue of apparent agency.

■■■ Mid–Continent argues that apparent agency is not a material fact issue because it was not pleaded by Cates. Apparent agent is an estoppel theory. Most of the cases requiring it to be affirmatively pleaded are in the context of affirmative defenses. *Nicholson v. Memorial Hospital System*, 722 S.W.2d 746, 749 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Southline Equipment v. National Marine Service, Inc.*, 598 S.W.2d 340, 342 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Pharr v. Medaris Co.*, 345 S.W.2d 428, 432 (Tex.Civ.App.—Dallas 1961, no writ.).

■■■ Although apparent agency was not specifically pleaded by Cates, it was set forth in the plaintiffs' response to the motion for summary judgment. In such a situation involving an affirmative defense, it has been held that raising the matter in the summary judgment documents is satisfactory if an objection is not made calling the trial court's attention to the absence of such a pleading. *See Roark v. Stallworth Oil and Gas, Inc.*, 813 S.W.2d 492, 494 (Tex.1991); *see also Hopkins v. Highlands Ins. Co.*, 838 S.W.2d 819, 822 (Tex.App.—El Paso 1992, no writ); *John Bezdek Ins. Assocs. v. American Indem. Co.*, 834 S.W.2d 401, 403 (Tex.App.—San Antonio 1992, no writ). Because the appellees in this case did not object to the lack of pleadings when appellants argued apparent agency both in the response to the motion for summary judgment and at the hearing, they are barred from asserting the absence of pleadings on appeal.

As to Mid–Continent's contention that apparent agency was not raised on appeal by either party, we find it was raised on pages five and six of appellants' brief.

The other grounds for summary judgment were specifically overruled.

The summary judgment as to Mid–Continent must be set aside.

We reverse the summary judgments as to Cincinnati Life Insurance Company, Northwestern Mutual Life Insurance Company, Mid–Continent Life Insurance Company, Central Life Assurance Company, and Phoenix Mutual Life Insurance Company and remand for a new trial, and we sever and abate the appeal of Jackson Life Insurance Company of Texas for thirty days and remand it to the trial court for the ruling on the remaining grounds, said ruling to be returned to this Court within thirty days.

## ADDENDUM

Initially, the trial court did not rule on some of the grounds in Jackson Life's motion for summary judgment on this ground. In the original opinion, we severed and abated the Jackson Life appeal and remanded the matter to the trial court for a ruling on the remaining grounds. The trial court has now, in a supplemental order, denied the motion for summary judgment to Jackson Life on all the grounds not specifically granted in the original judgment. Therefore, for the reasons previously set forth, we do not find it proper to review grounds upon which a summary judgment has been denied. We now join Jackson Life back into the suit with the other defendants, and we reverse the summary judgment rendered by the trial court in favor of Jackson Life and remand the cause of action against Jackson Life, along with the causes of action against the other defendants for a new trial.

BLEIL, Justice, concurring.

As noted by the majority, the trial court, in deciding to grant the motions for summary judgment, relied on an opinion in *Celtic Life Insurance Company v. Coats*, which has now been withdrawn. I concur in the court's judgment, but write separately to make it clear that, upon remand, nothing will preclude reconsideration of the motions for summary judgment under current law.

I further decline to join that part of the court's opinion dealing with appellate review of summary judgments. I believe, as stated by Chief Justice Phillips, that an appellate court may affirm a summary judgment on any properly raised and preserved ground, even though not recited in the order granting summary judgment. *See State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374, 382 (Tex.1993) (Phillips, C.J., concurring).