**CINCINNATI LIFE INSURANCE COMPANY, Northwestern Mutual Life Insurance Company Mid–Continent Life Insurance Company, Central Life Assurance Company, Phoenix Mutual Life Insurance Company, and Jackson National Life Insurance Company of Texas, Petitioners,**

v.

**Autrey Edward CATES, Sr., Edward Cates, Jr., and Leroy Ward, Respondents.**

No. 95–1150.

Supreme Court of Texas.

Argued March 20, 1996.

Decided July 8, 1996.

Rehearing Overruled Sept. 19, 1996.

Andrew G. Jubinsky, Arthur M. Meyer, Jr., J. David Apple, Dallas, Ralph K. Burgess, Michael F. Jones, Texarkana, for petitioners.

Mark A. Daniel, W. David Carter, Texarkana, for respondents.

Justice BAKER delivered the opinion for a unanimous Court.

This case presents the question of whether courts of appeals should review summary judgment grounds the trial court did not grant when considering the propriety of summary judgment. We hold that courts of appeals should consider all summary judgment grounds which the trial court expressly rules on and the movant preserves for appellate review that are necessary for final disposition of the appeal. We further conclude that the appellate court may, in the interest of judicial economy, consider other grounds that the movant preserved for review and that the trial court did not rule on. Based on our holding, we remand this case to the court of appeals to consider the insurance companies' cross points.

## I. Background

In December 1987, Edward Cates purchased a number of life insurance policies through Gale Butler, an independent insurance agent. The policies insured the life of Leroy Ward, Edward's father-in-law, and named Buddy Cates, Edward's father, as beneficiary. Over a three-year period, Edward made a number of premium payments to Butler. In October 1991, Edward asked six insurance companies about his policies. In November 1991, the companies told Edward that none of the policies were in force.

Edward Cates, Buddy Cates, and Leroy Ward (the Cateses) filed suit against the insurance companies and Butler on November 19, 1992. They alleged DTPA violations, insurance code violations, negligence and breach of good faith and fair dealing against all six companies.

Mid–Continent Life, Jackson National Life and Cincinnati Life each filed separate motions for summary judgment. The other three insurance companies, the Northwest-

ern Group,[1] filed a joint motion for summary judgment. The trial court granted summary judgment for all the insurance companies. In its final order, it severed the Cateses' action against Butler.

The Cateses appealed. The court of appeals reversed and remanded. 909 S.W.2d 186. Only the Northwestern Group and Mid–Continent appeal to this Court.

### A. The Northwestern Group

The Northwestern Group moved for summary judgment based on four grounds: (1) the two year statute of limitations bars the Cateses' claims; (2) the insurance companies are not liable for Butler's misrepresentations; (3) neither Butler nor the insurance companies made actionable misrepresentations under the DTPA or Texas Insurance Code; and (4) Buddy Cates and Leroy Ward suffered no damages. The trial court granted the Northwestern Group's summary judgment on two grounds. First, the trial court found that Butler had no actual, apparent, or implied authority on behalf of the insurance companies to commit any of the actions or make any of the alleged misrepresentations. Second, the trial court found that the Northwestern Group made no false, deceptive, or misleading statements or representations or committed any actionable conduct under the DTPA or the Texas Insurance Code. The trial court expressly denied the Northwestern Group's statute of limitations and no damages grounds.

On appeal, the Northwestern Group filed cross-points asking the court of appeals to affirm its summary judgment on grounds the trial court expressly denied. The court of appeals refused to consider those cross-points.[2] 909 S.W.2d at 191.

Before this Court, the Northwestern Group does not challenge the court of appeals' reversal of the summary judgment on the two grounds the trial court granted. Rather, the Northwestern Group complains that the court of appeals should have consid-

---

1. Northwestern Mutual Life Insurance Company, Central Life Assurance Company and Phoenix Mutual Life Insurance Company.

2. Justice Bleil concurred expressing his view that an appellate court should be able to affirm a

summary judgment on any properly raised and preserved ground. 909 S.W.2d at 192 (Bleil, J., concurring).

ered whether its other grounds could support the summary judgment.

### B. Mid–Continent

The trial court granted Mid–Continent's motion for summary judgment on four grounds: (1) that Butler had no actual, apparent, or implied authority to act on the behalf of Mid–Continent; (2) that Mid–Continent did not violate the DTPA or the Texas Insurance Code; (3) that Mid–Continent did not issue any insurance policies to any of the Cateses; and (4) that there was no agency or employment relationship between Mid–Continent and Butler. The trial court specifically denied Mid–Continent's other grounds.

The court of appeals held that the grounds on which the trial court granted Mid–Continent's summary judgment did not adequately dispose of all of the Cateses' causes of action against Mid–Continent. 909 S.W.2d at 191. The court of appeals also refused to consider Mid–Continent's cross-points asserting grounds that the trial court specifically denied. 909 S.W.2d at 191–92. On appeal to this Court, Mid–Continent argues that the grounds on which the trial court granted it summary judgment adequately dispose of all the Cateses' causes of action and the court of appeals erred by not considering its alternate ground that Leroy Ward and Buddy Cates suffered no damages.

### II. Summary Judgment Review

■ The threshold question before the Court is whether appellate courts should consider all grounds for summary judgment the movant presented to the trial court when properly preserved for appeal. We conclude that the court of appeals should consider all grounds that the trial court rules on and may consider grounds that the trial court does not rule on in the interest of judicial economy.

Rule 166a of the Texas Rules of Civil Procedure governs summary judgment procedure before the trial court. Under Rule 166a, a trial court cannot grant summary judgment for a reason that the movant does not present to the trial court in writing. Tex.R. Civ. P. 166a; see also City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671,

677 (Tex.1979). Also, in an appeal from a summary judgment, issues an appellate court may review are those the movant actually presented to the trial court. Travis v. City of Mesquite, 830 S.W.2d 94, 100 (Tex.1992). However, rule 166a does not prevent an appellate court from affirming the judgment on other grounds the parties properly raised before the trial court, when the trial court grants summary judgment specifically on fewer than all grounds asserted. Rather, our rules of appellate procedure give appellate courts the authority, when reviewing judgments of lower courts, to render the judgment or decree that the court below should have rendered. See Tex.R.App. P. 80(b), 81(c), 180, 182(a).

The general rule is that a denial of a summary judgment is not reviewable on appeal. Novak v. Stevens, 596 S.W.2d 848, 849 (Tex.1980). This is because a denial of a summary judgment is not a final judgment. Novak, 596 S.W.2d at 849. However, when the trial court grants summary judgment on grounds that dispose of all the non-movant's claims, the judgment becomes final, regardless of whether the trial court rules on the other grounds. Therefore, the general rule does not apply. Cf. Novak, 596 S.W.2d at 848 (stating that if both parties move for summary judgment and the trial court grant's one party's motion and denies the other, the judgment becomes final and the court of appeals should consider all questions presented).

When a trial court grants summary judgment on specific grounds, we have limited our consideration on appeal to the grounds upon which the trial court granted summary judgment and the court of appeals affirmed. State Farm Fire & Casualty Co. v. S.S., 858 S.W.2d 374, 380 (Tex.1993) (plurality opinion); Delaney v. University of Houston, 835 S.W.2d 56, 58 (Tex.1992). Texas courts of appeals have similarly limited their review of summary judgments. See, e.g., Maley v. 7111 Southwest Freeway, Inc., 843 S.W.2d 229, 234 (Tex.App.—Houston [14th Dist.] 1992, writ denied); In re Estate of Canales, 837 S.W.2d 662, 668 (Tex.App.—San Antonio 1992, no writ).

One justification offered for such a limited consideration has been that "affirming a summary judgment on an independent ground not specifically considered by the trial court usurps the trial court's authority to consider and rule on issues before it and denies the appellate court of the benefit of the trial court's decision on the issue." *State Farm v. S.S.,* 858 S.W.2d at 381. In *State Farm v. S.S.,* we limited our review to grounds that the trial court granted and the court of appeals affirmed. However, *State Farm v. S.S.* was a plurality opinion. Plurality opinions are not binding precedent on this Court. *University of Texas Med. Branch v. York,* 871 S.W.2d 175, 176–77 (Tex.1994). Further, the majority of justices' writings in *State Farm v. S.S.* support the proposition that the rules of appellate procedure allow courts of appeals to consider issues that are presented to the trial court and preserved for review on appeal. *See State Farm v. S.S.,* 858 S.W.2d at 382 (Phillips, C.J., concurring); *State Farm v. S.S.,* 858 S.W.2d at 382 (Cornyn, J., concurring); *State Farm v. S.S.,* 858 S.W.2d at 383 (Gonzalez, J., dissenting, joined by Enoch, J.); *State Farm v. S.S.,* 858 S.W.2d at 387 (Hecht, J., dissenting).

In *Delaney,* we also limited our consideration to the grounds upon which the trial court granted summary judgment and the court of appeals affirmed. *Delaney,* 835 S.W.2d at 58. However, in *Delaney* we declined to address the additional grounds because the record was not well developed on those issues. *Delaney,* 835 S.W.2d at 58–59. Further, we did not consider those issues material to the court of appeals' holding. *Delaney,* 835 S.W.2d at 59. We never considered whether the court of appeals could dispose of the case on summary judgment grounds that the trial court did not rule on. Therefore, *Delaney* does not conflict with our decision here.

In two other cases we used language that indicated that the trial court must have actually considered the issue before a party can raise it on appeal. *See Travis,* 830 S.W.2d at 100; *Clear Creek Basin Auth.,* 589 S.W.2d

at 677. However, neither case dealt with whether the trial court must actually rule on each summary judgment ground for the appellate court to have authority to consider the ground on appeal. Rather, in both cases our concern was with whether the movant presented the issue to the trial court. Therefore, these cases are distinguishable.

We hold that courts of appeals should consider all summary judgment grounds the trial court rules on and the movant preserves for appellate review that are necessary for final disposition of the appeal when reviewing a summary judgment. *See* Tex.R. Civ. P. 90(a). We further conclude that the appellate court may consider other grounds that the movant preserved for review and trial court did not rule on in the interest of judicial economy. *See State Farm* v. S.S., 858 S.W.2d at 382, 387 (Phillips, C.J., concurring; Cornyn, J., concurring; Hecht, J., dissenting).

### III. Application of Law to Facts

In this case the trial court specifically ruled on all of the insurance companies' grounds. Therefore, the court of appeals should have considered the insurance companies' cross points that asserted grounds the trial court specifically denied. Though the appellate rules give us authority to consider the insurance companies' alternate grounds,[3] we decline to do so. Both parties' briefs focus on the procedural aspects of summary judgment review. We do not have the benefit of the court of appeals' decision on the merits of the insurance companies' alternate grounds or full briefing from the parties. For that reason, we remand the case to the court of appeals.[4] *See State Farm v. S.S.,* 858 S.W.2d at 382 (Phillips, C.J., concurring).

### IV. Appellate Review of Mid–Continent's Grounds

Mid–Continent makes two additional arguments in support of its summary judgment. First, Mid–Continent argues that the court of appeals incorrectly analyzed each of the trial court's grounds for granting its summary

---

3. *See* Tex.R.App. P. 180.

4. Both of the petitioners request we remand the case to the court of appeals as an alternative form of relief.

judgment in isolation. Second, Mid–Continent argues that the court of appeals did not consider its summary judgment evidence that it terminated Butler months before any contact between Butler and the Cateses.

The Cateses argue that even if the court of appeals analyzes all the trial court's grounds for granting summary judgment together, Mid–Continent's summary judgment cannot stand. The Cateses pled that Mid–Continent, itself, acted negligently. They contend that Mid–Continent's summary judgment evidence does not negate their negligence allegations.

In this case, the court of appeals stated that it would analyze each of the companies' summary judgments separately. However, it did not do so. For two of Mid–Continent's grounds, that Butler had no actual or apparent authority to act for Mid–Continent and that Mid–Continent did not violate the Deceptive Trade Practices Consumer Protection Act or the Texas Insurance Code, the court of appeals referred to its analysis of Jackson National Life Ins. Co.'s motion. However, Mid–Continent introduced summary judgment evidence that was significantly different than Jackson's summary judgment evidence. Specifically, Mid–Continent introduced evidence that it terminated Butler months before any contact between Butler and the Cateses. The court of appeals did not consider how this additional summary judgment evidence affects Mid–Continent's summary judgment. Therefore, on remand, the court of appeals should re-consider the propriety of Mid–Continent's summary judgment based on evidence Mid–Continent filed in support of its motion.

## V. Summary

We hold that appellate courts should consider all summary judgment grounds the trial court rules on and the movant preserves for appellate review that are necessary for final disposition of the appeal when reviewing a summary judgment. We further conclude that the appellate court may consider other grounds that the movant preserved for review and trial court did not rule on in the interest of judicial economy. Further, we hold that in this case the appellate court

incorrectly reviewed the trial court's granting of final summary judgment for Mid–Continent. Accordingly, we reverse the court of appeals and remand this case to the appellate court for further proceedings consistent with this opinion.