Footnotes in HTML versions of opinions 
are designated by superscript “balloons” or boxes (click on either for the 
footnote text) and are not numbered. For an exact copy of the opinion, retrieve 
the Adobe PDF version.
IN THE SUPREME COURT OF 
TEXAS
════════════
No. 04-0829
════════════
Commonwealth 
General Corporation, Petitioner,
v.
William E. York 
as Independent Executor of the Estate of Marguerite York, Deceased, and James 
Roberson, Respondents
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Thirteenth District of 
Texas
════════════════════════════════════════════════════
PER CURIAM
            In 
this case, the trial court denied nonresident defendant Commonwealth General 
Corporation’s special appearance. The court of appeals affirmed the denial on 
the basis of specific jurisdiction. 141 S.W.3d 840, 843. We conclude that there 
is no evidence to support the trial court’s finding that the plaintiffs’ causes 
of action arise from or relate to Commonwealth’s contacts with Texas and that 
the court of appeals erred in affirming the denial on the basis of specific 
jurisdiction. We remand the case to the court of appeals for determination of 
whether general jurisdiction 
exists.            Marguerite 
York and James Roberson purchased accidental death and dismemberment (AD&D) 
insurance policies from J.C. Penney Life Insurance Company (JCP Life). They were 
each injured and were denied benefits under their policies.
            On 
June 18, 2001, Commonwealth, a Delaware corporation headquartered in Kentucky, 
purchased all the stock of JCP Life, a Vermont corporation headquartered in 
Texas. On June 28, 2001, York and Roberson filed suit 

 against JCP Life and other entities as a result 
of their claims being denied. In July 2001, York and Roberson added Commonwealth 
as a defendant.
            Commonwealth 
entered a special appearance, which the trial court denied. The court of appeals 
affirmed the denial on the basis that there was sufficient evidence to support 
the exercise of specific jurisdiction by the trial court. 141 S.W.3d at 848, 
851.
            In 
order for a court to exercise personal jurisdiction over a nonresident 
defendant, due process requires the defendant to have purposefully established 
such minimum contacts with the forum state that it could reasonably anticipate 
being sued in the courts of the state. Nat’l Indus. Sand Ass’n v. Gibson, 
897 S.W.2d 769, 772 (Tex. 1995). The exercise of jurisdiction must also comport 
with fair play and substantial justice. See, e.g., Burger King 
Corp. v. Rudzewicz, 471 U.S. 462, 476-77 (1985).
            A 
nonresident defendant’s contacts with the forum state may give rise to either 
general or specific jurisdiction. BMC Software Belg., N.V. v. Marchand, 
83 S.W.3d 789, 795 (Tex. 2002). General jurisdiction is established when the 
defendant has made continuous and systematic contacts with the forum. Id. 
at 796. Specific jurisdiction is established if the defendant’s alleged 
liability arises from or is related to an activity conducted within the forum. 
Id.; see also Am. Type Culture Collection, Inc. v. Coleman, 83 
S.W.3d 801, 806 (Tex. 2002). Thus, for the trial court to have had specific 
jurisdiction over Commonwealth, (1) Commonwealth must have purposefully made 
minimum contacts with Texas and (2) York and Roberson’s causes of action must 
have arisen from or related to those contacts. See Am. Type Culture 
Collection, Inc., 83 S.W.3d at 806. Assuming without deciding that 
Commonwealth purposely made sufficient minimum contacts with Texas to satisfy 
due process requirements for Texas courts to exercise jurisdiction over it, we 
conclude that there is no evidence to support the conclusion that York and 
Roberson’s causes of action arose from or were related to those 
contacts.
            While 
negotiating and executing the JCP Life stock sale, Commonwealth sent employees 
to Texas on several occasions, and its employees attended corporate meetings in 
Dallas. The court of appeals determined that specific jurisdiction was 
established by (a) Commonwealth’s status as JCP Life’s sole shareholder, its 
assumption of liabilities and obligations of JCP Life, and its control of JCP 
Life’s board of directors, combined with (b) Commonwealth’s contacts with Texas 
made in the process of purchasing JCP Life’s stock. 141 S.W.3d at 847-48. 
Commonwealth contends, however, that there is no evidence to support the court 
of appeals’ conclusion. We agree.
            First, 
in regard to Commonwealth’s contacts with Texas as a result of its status as the 
sole shareholder of JCP Life, we note that separate corporations are presumed to 
be distinct entities. See BMC Software Belg., N.V., 83 S.W.3d at 798-99. 
Stock ownership and the related right of control that stock ownership gives to 
stockholders are insufficient to destroy the distinctness of corporate entities 
for jurisdictional purposes. Id.; see also Gentry v. Credit Plan Corp. 
of Houston, 528 S.W.2d 571, 573 (Tex. 1975). In order to “fuse” the parent 
company and its subsidiary for jurisdictional purposes, it must be proved that 
the parent is the alter ego of the subsidiary. BMC Software Belg., N.V., 
83 S.W.3d at 798-99. That is, the parent must be shown to control the internal 
business operations and affairs of the subsidiary to the extent that the two 
entities effectively cease to be separate. Id.
            There 
is no evidence in this record that Commonwealth did more than function as a 
shareholder of JCP life, albeit the sole shareholder. There is no evidence that 
Commonwealth controlled the internal business operations of JCP Life and thereby 
became the alter ego of JCP Life.
            Next, 
there is no evidence that York’s or Roberson’s claims arise from contacts with 
Texas that Commonwealth made during its purchase of the stock. Nor is there 
evidence Commonwealth was involved in JCP Life’s claims evaluation process at 
the time the claims of York and Roberson were denied. York and Roberson do not 
assert that their claims are related to Commonwealth’s employees coming to Texas 
to negotiate for and purchase JCP Life or to Commonwealth’s other contacts with 
Texas during the process of its purchasing JCP Life stock.
            Accordingly, 
the court of appeals erred in holding that the trial court had specific 
jurisdiction over Commonwealth as to York and Roberson’s causes of action. We 
reverse the court of appeals’ judgment. The case is remanded to the court of 
appeals for determination of whether Commonwealth’s contacts with Texas give 
rise to general jurisdiction. See Cincinnati Life Ins. Co. v. Cates, 927 
S.W.2d 623, 626 (Tex. 1996).
 
OPINION 
DELIVERED: November 4, 2005