**Reversed and Remanded and Majority and Concurring Opinions filed June 21, 2012.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## NO. 14-11-00576-CV
_____

**CHANA HOROWITZ, Appellant**

**V.**

**FRANCISC BERGER; TIBERIU ROMAN; SARA BERGMAN; PINCHAS BERGMAN; ALEXANDER DAVIDOVICH; INNA DAVIDOVICH; ARON EHERENTREW; RONNIE EILAM; YITSHAK ELIYAHU; REVITAL ELIYAHU; ARNON EREZ; NETANEL FEIGER; NOAM FISHMAN; HADAS FISHMAN; FRANK FREEDLAND; GISA FREEDLAND; ISRAEL FREEDLAND; RIVKA FREEDLAND; SHMUEL FREEDLAND; TZIPORA FAIGE; TOVA SHNITMAN; NAFTALI FRIEDLANDER; MICHAEL GITIK; DANIEL GLINERT; D. GLINERT HOLDINGS, LTD.; SAGI GOLDBERG; MOSHE GOTLIB; YURAY GROSS; EVA GROSS; ARIE GUTTMAN; TZIPORA HELLMANM; HENRY KALB; MIRIAM RASKIN KIRYATI; BRURIA KLEIN; AVRAHAM KRAKOVER; SHULAMIT KRAKOVER; AHARON LAHER; SARA SHTERNA-LANDO; NIDA LAOHACHAI; MOSHE LAVI; MALKA LAVI; AMIR LEVI; SANDRA LEVI; RIVKA LIKVORNIK; ADINA MASTBAUM; MENAHEM NAGAR; GAVRIEL NESGI; NAHUM OLSCHWANG; MISHEL HAIM PAPISMEDOV; MOSHE PELEG; YOSSEF POTASH; YAAKOV RABINOVITS; AVRAHAM RAIZMAN; HADASA RAIZMAN; ELAD REGEV; BIEN SHAI; LIRON RUKACH; SHLOMIT SHAKED; IRIS SHANY; ELIEZER SPUND; MOSHE SPUND; YADIN TEREM; TZACHI NAIM; NIR VENTURA;**

**DAN WILLNER; DGANIT WILLNER; ARIE CHAIM YOFFE; GAD ZEITLIN; RACHEL ZEITLINM; EZRA KAIM; DAN SCHWARZ; AND ZAHAVA SCHWARZ, Appellees**

---

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Cause No. 09CV0242**

---

## CONCURRING OPINION

The interests of litigants are best served when courts adopt and utilize measures that foster and enhance judicial economy. The Supreme Court of Texas has recognized the importance of taking this approach and has adopted such measures in summary judgment appeals, holding that appellate courts reviewing summary judgments may consider all summary-judgment grounds presented to the trial court, including grounds that the trial court rejected as a basis for its summary judgment. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 627 (Tex. 1996). This well-reasoned approach enables appellate courts to dispose of cases on grounds fully vetted in the trial court even when the trial court did not base its ruling on those grounds. Today, this court should follow the high court's lead and hold that procedures analogous to those announced in *Cincinnati Life Ins. Co. v. Cates* apply in the review of a trial court's ruling on a special appearance.

The appellees/plaintiffs in today's case urged the trial court to deny the appellant/defendant Chana Horowitz's special appearance on multiple grounds that included waiver and the existence of minimum contacts justifying the exercise of personal jurisdiction based upon specific jurisdiction. The trial court denied the special appearance, basing its ruling only upon the specific-jurisdiction theory. Noting that the trial court did not base its ruling upon the waiver arguments, Horowitz, in her opening appellate brief, did not present any argument challenging the waiver grounds asserted in the trial court. Curiously, the majority analyzes the waiver arguments, rejects them, and

2

then concludes that Horowitz did not need to challenge them in her appellate briefing because the trial court did not base its ruling on waiver. The majority never explains this unusual approach nor reveals why this court addresses the waiver arguments given that the trial court's ruling was not based upon waiver and that Horowitz did not have to challenge these arguments on appeal. Though the majority's waiver analysis in this case seems to be without purpose, such an analysis *could* serve a useful function and also further the worthy goals of judicial economy in this type of appeal.

Today, this court should conclude that, on appeal from an order denying a special appearance, while an appellate court must consider whether the trial court erred in denying appellant's special appearance on the grounds that the trial court made the basis of its ruling, in the interests of judicial economy, the reviewing court may also consider the merits of waiver arguments advanced by the appellees but not adopted by the trial court.

**This court should hold that procedures analogous to those announced in *Cincinnati Life Ins. Co. v. Cates* apply in appeals from a trial court's ruling on a special appearance.**

In response to Horowitz's special appearance, appellees/plaintiffs asserted that Horowitz had waived her special appearance by taking various actions. The majority correctly concludes that because the trial court rejected these waiver arguments in denying the special appearance, Horowitz was not required to attack them on appeal. But, the majority does not address whether or how this court could affirm the trial court's order based upon the waiver arguments. In keeping with our high court's commitment to enhancing judicial economy and the sound approach adopted in *Cincinnati Life Ins. Co. v. Cates* for summary-judgment appeals, this court should hold that parallel procedures apply in the special-appearance context.

In *Cates*, the Supreme Court of Texas held that, in reviewing a summary judgment, appellate courts should consider all summary-judgment grounds on which the

3

trial court ruled and the movant preserved error that are necessary for final disposition of the appeal. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 627 (Tex. 1996). In addition, the high court held that, in the interest of judicial economy, appellate courts may consider other grounds that the movant preserved for appellate review and the trial court did not make a basis of its summary judgment. *See id.* Today, this court should implement this procedure and hold that, in reviewing a denial of a special appearance to determine whether the trial court erred in overruling the jurisdictional challenges, the reviewing court, in the interest of judicial economy, may consider waiver arguments that were presented to the trial court but not made a basis of the trial court's ruling on the special appearance. *See id.* Under this procedure, if the trial court could not exercise personal jurisdiction over the defendant under either general or specific jurisdiction, the appellate court, in the interest of justice, could consider the preserved waiver arguments, even though the trial court rejected these arguments. This would mean that even though an appellant like Horowitz is not required to attack the waiver arguments in her opening appellate brief, the reviewing court could consider the waiver grounds as a possible basis for affirming the trial court's order. *See id.* This approach would allow appellate courts the greatest opportunity to review all special-appearance grounds presented, examined, and preserved in the trial court and thereby dispose of time-sensitive special-appearance appeals in a manner that maximizes efficiency.

**The majority defines "contact with Texas" in a narrow manner that conflicts with controlling precedent.**

Though this court reaches the correct result in this appeal, the majority's specific-jurisdiction analysis is flawed. In several parts of its opinion, the majority states that various actions in Israel regarding land known to be in Texas do not constitute contacts with Texas. These conclusions conflict with the broad construction that the United States Supreme Court, the Supreme Court of Texas, and this court have given as to what a "contact with the forum state" is for purposes of a personal-jurisdiction analysis. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S. Ct. 2174, 2184, 85 L. Ed. 2d

4

528 (1985) ("So long as a commercial actor's efforts are 'purposefully directed' toward residents of another state, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there."); *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 337–40 (Tex. 2009) (holding that a defendant's acceptance in California of an assignment of oil and gas leases was a contact with Texas for personal-jurisdiction purposes because the assignment was of real property interests located in Texas, even though the defendant never physically entered Texas); *Alenia Spazio, S.p.A. v. Reid*, 130 S.W.3d 201, 212 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (considering a wide variety of alleged connections between the defendant and Texas to be "contacts with Texas," even if these contacts did not involve conduct by the defendant in Texas). Even though the majority correctly concludes that Horowitz's contacts with Texas do not justify the exercise of specific jurisdiction in this case, the majority's characterization of the contacts is incongruent with binding precedent.

The majority concludes that none of the following constitute a contact with Texas for the purposes of a personal-jurisdiction analysis:

(1)     being in the business of recruiting investors in Israel to invest in real estate in Texas,

(2)     taking purposeful action with the goal of recruiting Israeli investors to purchase real property in Texas,

(3)     being a principal salesperson at T-M Real Estate and Investments, Ltd. selling Texas real property to people in Israel,

(4)     being instrumental in causing sale documents to be executed by people in which they purchase real property in Texas,

(5)     profiting monetarily from the sale of real property located in Texas,

(6)     being an instrumental "but for" cause of the people executing documents necessary to purchase real property in Texas,

5

(7)      being the principal sales and marketing agent who got certain people to execute English language agreements under which they purchased land in Texas, and

(8)      telling certain people in Israel of a visit to real property in Texas in an effort to bolster one's credibility in selling Texas real property to people in Israel.

*See ante* at pp. 13–15. Some of these purported contacts may not be supported by the evidence before the trial court, and some of these contacts may not be high-quality contacts with Texas. But that does not mean they are not contacts with Texas.

The evidence before the trial court shows that Horowitz did not have sufficient contacts with Texas to support the exercise of personal jurisdiction because Horowitz is a citizen and resident of Israel who did not purposefully avail herself of the privilege of conducting activities within Texas, thus invoking the benefits and protections of its laws. *See Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex. 2005). Nonetheless, contrary to the majority's analysis, the above-mentioned contacts are "contacts with Texas." *See Burger King Corp.*, 471 U.S. at 476, 105 S. Ct. at 2184; *Retamco Operating, Inc.*, 278 S.W.3d at 337–40; *Alenia Spazio, S.p.A.*, 130 S.W.3d at 212.

## Conclusion

Under the applicable standard of review, because the evidence before the trial court negated both specific and general jurisdiction, the trial court erred in finding that it could exercise personal jurisdiction over Horowitz.[1] Though the trial court rejected appellees' waiver arguments, this court nevertheless would have good reason to address these arguments if this court were to adopt procedures akin to those announced by the

---

[1] Nonetheless, in reaching this conclusion, the majority erroneously concludes that various alleged connections between Horowitz and Texas are not "contacts with Texas." *See ante* at pp. 13–15.

6

Supreme Court of Texas in *Cates*.[2]  This approach not only would bring meaning and purpose to today's waiver analysis but also would advance important principles of judicial economy and lay the groundwork for application of the *Cates* rule in future special-appearance cases.


/s/     Kem Thompson Frost
Justice

Panel consists of Justices Frost, Brown, and Christopher. (Christopher, J., majority).

---

[2] The Supreme Court of Texas has not yet addressed whether engaging in discovery regarding the merits of a plaintiff's claims constitutes a waiver of a defendant's special appearance and today's opinion appears to be the first time that the Fourteenth Court of Appeals has addressed this issue.  Though the majority correctly concludes that this conduct does not waive a special appearance, the majority fails to cite language from Rule 120a and cases from sister courts that support this conclusion. *See, e.g.,* Tex. R. Civ. P. 120a (stating that "the issuance of process for witnesses, the taking of depositions, the serving of requests for admissions, and the use of discovery processes, shall not constitute a waiver of such special appearance" and containing no limitation of this language to jurisdictional issues); *Silbaugh v. Ramirez,* 126 S.W.3d 88, 93 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding that defendant does not waive special appearance by engaging in discovery regarding merits of plaintiff's claims); *Minucci v. Sogevalor, S.A.,* 14 S.W.3d 790, 799–801 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (same as *Silbaugh*).