# IN THE SUPREME COURT OF TEXAS

════════════

No. 11-0332

════════════

ROBERT MASTERSON, MARK BROWN, GEORGE BUTLER, CHARLES WESTBROOK, RICHEY OLIVER, CRAIG PORTER, SHARON WEBER, JUNE SMITH, RITA BAKER, STEPHANIE PEDDY, BILLIE RUTH HODGES, DALLAS CHRISTIAN AND THE EPISCOPAL CHURCH OF THE GOOD SHEPHERD, PETITIONERS,

v.

THE DIOCESE OF NORTHWEST TEXAS, THE REV. CELIA ELLERY, DON GRIFFIS AND MICHAEL RYAN, RESPONDENTS

════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS

════════════════════════════════════════════

JUSTICE BOYD, joined by JUSTICE WILLETT, concurring.

I join in the Court's adoption of the neutral-principles approach to deciding non-ecclesiastical issues, and in its disposition reversing and remanding this case for the trial court to decide under that approach. I do not, however, join in Part III.B. ("Remand") or Part IV ("Response to the Dissent") of the Court's opinion, addressing issues that I believe the Court decides prematurely.

As the Court explains, "[t]he Episcopal Leaders neither pleaded nor urged as grounds for summary judgment that they are entitled to the property on the basis of neutral-principles," *ante* at ___, which we hold today is the only basis on which they could be entitled to the property. Moreover, as the Court acknowledges, even under the neutral-principles approach, courts must still defer "to religious entities' decisions on ecclesiastical and church polity questions," *ante* at ___, and

"[t]he Diocese did not urge as grounds for summary judgment that amendment of the bylaws and articles of incorporation was ceded to the Diocese so that whether to do so was an ecclesiastical decision and not a secular one." *Ante* at ___.

Despite the lack of pleadings and evidence addressing the standards we adopt today, the Court decides that the amendment of the bylaws and articles did not involve ecclesiastical decisions entitled to deference and that the local parish either did not place the property in a trust or, if it did, did not make that trust irrevocable. The Dissent disagrees, concluding that the Episcopal Church and the Diocese should prevail under the neutral-principles approach, either because the amendment of the bylaws and articles remains an ecclesiastical decision to which the courts must defer, or because, under neutral-principles, the parish placed the property in an irrevocable trust.

Both the Court and the Dissent make good arguments, but they are premature. Before we decide these fact-intensive issues, we should afford the parties an opportunity to fully develop their pleadings and the record under the neutral-principles approach that we have adopted today; and we would benefit by affording the courts below an opportunity to consider and decide these matters first. *See Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 862 (Tex. 2000) ("On an appeal from summary judgment, we cannot consider issues that the movant did not present to the trial court.") (citing *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex.1996) and *Travis v. City of Mesquite,* 830 S.W.2d 94, 100 (Tex.1992)).

For these reasons, I join in the Court's disposition, reversing and remanding the case for further proceedings in the trial court, but not in its discussion and resolution of issues that the parties have not yet fully litigated.

_____
Jeffrey S. Boyd
Justice

**OPINION DELIVERED:**  August 30, 2013