# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00013-CV

**Thomas Larivee, Appellant**

**v.**

**Geary Louis & Daniel Firepine, Appellees**

### FROM COUNTY COURT AT LAW NUMBER ONE OF HAYS COUNTY
### NO. 14-0783-C, HONORABLE ROBERT UPDEGROVE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal challenges a final summary judgment in a landlord-tenant dispute centering on the condition of carpet in the premises. Before we can reach those issues, however, we must confront some limitations deriving from the appeal's procedural posture, beginning with the text of the judgment itself—it explicitly grants a "Defendants' Motion for No-Evidence Summary Judgment" that had already been superseded by appellees' filing of a "Defendants' First Amended Motion for No-Evidence Summary Judgment and Defendants' Motion for Traditional Summary Judgment."[1] In similar circumstances, at least two of our sister courts have reversed summary

---

[1] Tex. R. Civ. P. 65 (upon substitution of amended pleading for earlier version, latter "shall no longer be regarded as part of the pleading in the record of the cause"); *see, e.g.*, *KSWO Television Co. v. KDFA Operating Co.*, 442 S.W.3d 695, 699 (Tex. App.—Dallas 2014, no pet.) ("[A]n amended motion for summary judgment supersedes and supplants the previous motion, which may no longer be considered." (citations omitted)); *Retzlaff v. Texas Dep't of Crim. Justice*, 135 S.W.3d 731, 737 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (op. on reh'g) ("[A]n amended motion for summary judgment completely supersedes an original motion for summary judgment and becomes

judgments as having been erroneously founded on a superseded or "dead" motion.[2]  And while the rule of *Cates* would arguably enable us potentially to consider the summary-judgment grounds appellees presented in their amended and combined motion as alternative support for the final judgment,[3] appellees have not preserved their traditional summary-judgment grounds on appeal, but professed to rely solely on the no-evidence grounds presented in their amended motion.[4]  More critically, at least some of these "no-evidence" grounds (if even they can properly be considered that) reflect inversions of the summary-judgment review standard[5] or are otherwise plainly unavailing.[6]

---

the controlling [motion]."); *see also King v. Regions Bank*, No. 02-15-00201-CV, 2016 Tex. App. LEXIS 4791, at *6 (Tex. App.—Fort Worth May 5, 2016, no pet.) (mem. op.) ("It is clear that an amended motion for summary judgment completely supersedes any prior motion for summary judgment and becomes the controlling motion." (citing Tex. R. Civ. P. 65; *Retzlaff*, 135 S.W.3d at 737)).

[2]  *See King*, 2016 Tex. App. LEXIS 4791, at *5–8; *Santos v. Holzman*, No. 13-08-00043-CV, 2010 Tex. App. LEXIS 1172, at *6–8 (Tex. App.—Corpus Christi Feb. 18, 2010, no pet.) (mem. op.).

[3]  *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625–26 (Tex. 1996) (holding that in appeal from final summary judgment disposing of all of non-movant's claims, appellate courts "should consider all summary judgment grounds the trial court rules on and the movant preserves for appellate review that are necessary for final disposition of the appeal," and "may consider other grounds that the movant preserved for review and trial court did not rule on in the interest of judicial economy"); *see also Baker Hughes, Inc. v. Keco R&D, Inc.*, 12 S.W.3d 1, 5–6 (Tex. 1999) (explaining that *Cates* rule "does not depend on the number of motions filed, when they were presented to the trial court, or when the trial court ruled").

[4]  *Cf. Cates*, 927 S.W.2d at 626 ("appellate court may consider other grounds *that the movant preserved for review . . .*") (emphasis added).

[5]  *E.g.*, appellees' arguments regarding the condition of the carpet at the conclusion of the lease, as it bears upon Larivee's claim for bad-faith withholding of his security deposit.

[6]  *E.g.*, appellees' "no-evidence" ground challenging Larivee's proof of any failure to disclose owner information as required by Section 92.201 of the Property Code, which hinges on the legal assertion that appellees needed only provide the contact information for the property-management

Under these circumstances, the no-evidence grounds would not be dispositive of the appeal, and addressing them now would do more to hinder than advance judicial economy and the ultimate resolution of this case.[7]

As presented to us, we reverse the trial court's final judgment and remand for further proceedings.

_____

Bob Pemberton, Justice

Before Chief Justice Rose, and Justices Pemberton and Bourland

Reversed and Remanded

Filed: April 26, 2017

---

company. *But cf.* Tex. Prop. Code § 92.201(a) ("A landlord shall disclose to a tenant" name and street address of both property-management company, if there is one, "*and*" that of "the holder of record title." (emphasis added)).

[7] *See Cates*, 927 S.W.2d at 626.