Jeffery Arnold Thrift v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00201-CR

Â Â Â Â Â JEFFERY ARNOLD THRIFT,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 2000-844-C
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
DISSENTING AND CONCURRING OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â This is a simple case. An element of the indecency with a child count that the State must
prove is whether by touching the genitals of a minor, Thrift did so â...with the intent to arouse
or gratify the sexual desire of ...â Thrift. As an element of the indicted offense, it had to be
proven beyond a reasonable doubt by the State. The trial court admitted four photographs of
naked boys found in a book in Thriftâs room. The trial court gave a limiting instruction about
using the photographs only for the purpose of proving this element of the offense and no other.
Â Â Â Â Â Â I take issue with certain aspects of the majorityâs decision to reverse the trial courtâs
judgment on this count. But I will limit my comments because we have been down this road
before, albeit with a different result. Graff v. State, 65 S.W.3d 730 (Tex. App.âWaco 2001,
pet. refâd).
Â Â Â Â Â Â While the majority lists the relevant criteria for review of a trial courtâs ruling on a 403
objection, it only mentions one in the discussion: that a limiting instruction would not have
been effective. Because the court gave a limiting instruction, the majority apparently means
the limiting instruction given was not effective. But that is not my main concern. I am
concerned that there is no discussion as to why the âgraphic images where of a natureâ that
would make a limiting instruction ineffective. And I wonder why there is no discussion of any
of the other criteria. I understand that it takes the demonstration of only one criteria to 
conclude that the trial court abused its discretion. But without an analysis of the effect of the
limiting instruction on this criteria, would a discussion of the other criteria lead to a conclusion
that a limiting instruction was effective as to all of them? Maybe, maybe not. But without any
discussion of the other criteria and no discussion as to why a limiting instruction is not
effective, I cannot agree to hold that the trial court abused its discretion; i.e., that the trial
court was outside the zone of reasonable disagreement. Graff, 65 S.W.3d at 739.
Â Â Â Â Â Â Indirect proof of Thriftâs intent in touching the minor is clearly admissible.


 The element
of intent had to be proven to obtain a conviction. Showing to the jury pictures of other naked
boys that were found hidden in a book in Thriftâs bedroom would tend to show that Thrift was
aroused or gratified by young males and that was his intent by touching the minor. The
relevance of the evidence is not the issue. And the majority does not take issue with the
relevance of the evidence. Rather, the majority contends that the probative value of the
photographs to establish this element of the Stateâs case was substantially outweighed by the
danger of unfair prejudice. Actually, the majority does not tell us if the photographs were
inadmissible because of the danger of unfair prejudice, confusion of the issues, or the tendency
of the evidence to mislead the jury, though the objection was only that the photographs were
unfairly prejudicial.
Â Â Â Â Â Â But again, the majority does not tell us what is unfairly prejudicial about the photographs,
assuming that this is the reason for the exclusion of the photographs. They rely on what they
have decided is the relatively low need for the evidence of intent, to reduce only one side of
the equationâthe probative value of the photographs. The majority states that the issue of
intent was not in controversy because Thriftâs defense was that â...the incident never
occurred.â
Â Â Â Â Â Â The State takes a different view of the balancing test, as do I, because the element of intent
was controverted. When a defendant contends an event did not occur, that denial puts every
element of the offense in issue, as it is with any not-guilty plea. See Old Chief v. U.S., 519
U.S. 172, 199-200, 117 S.Ct. 644, 659, 136 L.Ed.2d 574 (1997); Tex. Code Crim. Proc.
Ann. art. 27.17 (Vernon 1989). Thus, the State certainly was justified in feeling compelled to
prove every element of the offense that the legislature requires be proven before Thrift could
be convicted.
Â Â Â Â Â Â But the majority has decided the evidence was not needed: unnecessary piling-on. It
wants to circumscribe what evidence the State may use, thus limiting its ability to prove its
case. They are deciding for the State, after the trial, how much of the relevant evidence is
needed to prove an element of the offense. The majority states: âUnder this evidence, Thriftâs
intent to gratify himself by touching JB was not in controversyâwhy else would he have
touched JBâs penis and performed oral sex on him?â
Â Â Â Â Â Â Of course the element was in controversy because Thrift pled not-guilty. And if intent to
gratify was always to be inferred from the conduct alone, there would be no need for the
separate element of intent to arouse or gratify the sexual desires of the defendant. Did Thrift
share with the State what his defense would be? Would it really matter? Should a defendant
be allowed to take a defensive position and thereby limit what evidence the State could use to
obtain a conviction? We were not there. We rely upon the jury. The jury was given a very
specific instruction about the use of this evidence. The majority believes they could not follow
that instruction.
Â Â Â Â Â Â While the majority seems comfortable with its conclusion of why Thrift was touching JB, I
am not. As long as we are going to speculate, maybe Thrift simply wanted to gratify JB, not
himself; maybe he was paid to gratify JB; maybe he was going to receive alcohol or drugs in
return for gratifying JB. The truth is, we do not know. The photographs were intended to
assist the jury in deciding why an 18 year old male would touch the penis of a 14 year old
male. The jury was properly instructed about how to use the evidence.
Â Â Â Â Â Â But this rhetorical question asked by the majority ââwhy else would he have touched JBâs
penis and performed oral sex on him?ââ also shows that their harm analysis is flawed. We
have just recently set out the harm analysis to be used for Rule 403 error. Graff, 65 S.W.3d at
741-742. Why the majority completely disregards our precedent, I do not know. The
evidence of Thriftâs guilt, while controverted, was substantial. The State did not place much
emphasis on the photographs. And other extraneous evidence, four prior misdemeanor
convictions which reflected poorly on Thriftâs character, was admitted without objection. 
Under the proper analysis, the error, if any, was harmless.
Â Â Â Â Â Â I have no trouble in reviewing this case, especially in view of the limiting instruction, and
holding that the trial court did not abuse its discretionâthe trial court was not outside the
bounds of reasonable disagreementâby admitting the photographs into evidence. I would
overrule this issue and affirm the trial courtâs judgment in its entirety. Because the majority
does not, I respectfully dissent from that portion of this Courtâs judgment which reverses
Thriftâs conviction for indecency with a child.
Â Â Â Â Â Â I concur in affirming the judgment of conviction on sexual assault of a child.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â TOM GRAY
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Dissenting and concurring opinion delivered and filed March 17, 2004
Publish



ganization falls within the statutory exception is on the
claimant seeking the exemption.  Id.

Â Â Â Â Â Â Â Â Â Â Â  Among other Tax Code
requirements to obtain a subsection 11.182(b) exemption, Arbors must have
complied with subsection 11.182(g), which the Legislature added to section
11.182 in 2001:

(g) To receive an exemption under
Subsection (b) or (f), an organization must annually have an audit prepared by
an independent auditor.Â  The audit must include a detailed report on the
organizationÂs sources and uses of funds.Â  A copy of the audit must be
delivered to the Texas Department of Housing and Community Affairs and
to the chief appraiser of the appraisal district in which the property subject
to the exemption is located.

Â 

Act of May 21, 2001, 77th Leg., R.S.,
ch. 1191, Â§ 1, 2001 Tex. Gen. Laws 2694, 2696 (emphasis added) (current version
at Tex. Prop. Tax Code Â§
11.182(g) (Vernon 2008)).

Â Â Â Â Â Â Â Â Â Â Â  One of the grounds in the
Appraisal DistrictÂs no-evidence motion for summary judgment was that there was
no evidence that Arbors had met subsection 11.182(g)Âs audit requirements.Â  In
response, in each case Arbors filed summary-judgment evidence, including the
affidavit of Carol McBride, which states in pertinent part:

Arbors has expended an amount equal to
or greater than 40% of its annual tax savings on social programs in Walker
County.Â  Each year since its acquisition of the Property, Arbors has provided
an audit to the chief appraiser detailing the fact that such expenditures have
been made, and for the years 2004, 2005, and 2006, the audit has also included
an opinion of the auditor that the Property, and Arbors as owner, has been in
full compliance with Texas Tax Code Sec. 11.182.[1]

Â 

On appeal, the Appraisal District urges
that the trial court properly granted its no-evidence motion for summary
judgment on the ground that Arbors did not provide summary-judgment evidence
that it fully complied with subsection 11.182(g) because McBrideÂs affidavit fails
to show that Arbors delivered its audits to the Texas Department of Housing and
Community Affairs.Â  We agree.Â  

To defeat the Appraisal DistrictÂs
no-evidence motion, Arbors was required to present some evidence that it
delivered its audits to the Texas Department of Housing and Community Affairs,
but it did not do so.Â  And to be entitled to summary judgment on its own motion,
Arbors must have clearly shown its compliance with subsection 11.182(g).Â  North
Alamo, 804 S.W.2d at 899.Â  It failed to do so.Â  The trial court could have properly
granted the Appraisal DistrictÂs no-evidence motion and denied ArborsÂs motion
on subsection 11.182(g) alone.Â  See Cincinnati Life Ins. Co. v. Cates,
927 S.W.2d 623, 625 (Tex. 1996).Â  We overrule ArborsÂs second and third issues in
each case and need not address its first issue in each case.

The trial courtÂs judgment in each case is
affirmed.

Â 

Â 

REX D. DAVIS

Justice

Â Â Â Â Â Â Â Â Â Â Â  

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed July 21, 2010

[CV06]








Â 









[1] The trial court sustained the Appraisal
DistrictÂs objections to this paragraph of McBrideÂs affidavit.Â  We will assume
without deciding that the trial courtÂs ruling was erroneous.