Opinion issued July 14, 2005













In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00621-CV




THE ESTATE OF WILLIAM H. SIMMONS AND MARY SIMMONS
HENSLEY, INDIVIDUALLY AND AS TRUSTEE OF THE
W.H. SIMMONS TRUST, Appellants

V.

COMPANIA FINANCIERA LIBANO, S.A. AND
ARMANDO FONG NAJARRO, Appellees




On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2002-44758




MEMORANDUM OPINION
          Appellants, The Estate of William H. Simmons and Mary Simmons Hensley,
Individually and as Trustee of the W.H. Simmons Trust (“the Simmonses”), appeal
the summary judgment ordering that the Simmonses take nothing by their suit against
appellees, Compania Financiera Libano, S.A. and Armando Fong Najarro
(“Compania”). We affirm. 
BACKGROUND
          In 1991, Compania sued the Simmonses and others, alleging fraudulent transfer
of certain property interests, in a suit styled Compania Financiera Libano, S.A. and
Armando Fong Najarro v. William H. Simmons, et al., in the 270th District Court of
Harris County, cause number 1991-474143. In August 1996, the parties entered into
a Rule 11 agreement in which the Simmonses would transfer certain property interests
and deliver certain shares of stock to Compania; Compania would recover $25,000
from the Simmonses; the Simmonses would take nothing against Compania; an
agreed judgment against the Simmonses for $25,000 would be entered; and the parties
would execute mutual releases of their claims. On September 12, 1996, the trial court
rendered an agreed judgment ordering that Compania recover $25,000 from the
Simmonses and that Compania take nothing from other defendants. The judgment
recites “that all relief not expressly granted . . . is denied.” The judgment references
a settlement agreement, but does not attach the agreement or incorporate it. The
Simmonses did not execute the documents transferring property interests or stocks
to Compania, and the parties did not execute a mutual release. 
          In November 1996, Compania sued the Simmonses for breach of the Rule 11
agreement in cause number 1996-56962, Compania Financiera Libano, S.A. and
Armando Fong Najarro v. William H. Simmons, Mary Simmons Hensley, Individually
and as Trustee, and the W.H. Simmons Trust, in the 270th District Court of Harris
County. The Simmonses filed a general denial and did not counterclaim to enforce
Compania’s obligation to sign the mutual release. The trial court rendered summary
judgment in Compania’s favor on its breach-of-contract claim, tried Compania’s other
issues, and rendered final judgment in Compania’s favor. On April 21, 1998, the trial
court signed a judgment nunc pro tunc ordering that Mary Hensley, as trustee of the
Simmons Trust, execute attached instruments transferring certain property to
Compania, that the Simmonses recover nothing from Compania, and that Compania
recover attorney’s fees from the Simmonses. 
          The Simmonses appealed the judgment, contending that the Rule 11 agreement
was integrated into the agreed judgment and that Compania’s lawsuit was a collateral
attack on the judgment. The Fourteenth Court of Appeals reversed the trial court’s
judgment and rendered judgment for the Simmonses, holding that Compania’s lawsuit
was an impermissible collateral attack on the agreed judgment in cause number 1991-47143.


 The Texas Supreme Court reversed the court of appeals, concluding that,
although res judicata bars parties from bringing a second suit on matters actually
litigated and on matters that could have been litigated in the first suit, that doctrine
did not bar Compania’s suit.


 The court reasoned that, at the time the judgment in
cause number 1991-47143 was rendered, the Simmonses had not yet breached their
settlement agreement.


 Therefore, Compania could not have sued in the first suit for
breach of the settlement agreement, and the Mother Hubbard clause in the judgment
could not dispose of claims that did not exist.


 The supreme court affirmed the trial
court’s judgment.
          When the Simmonses continued to refuse to transfer the property, Compania
filed a motion for contempt in the trial court in April 2002. The Simmonses
countered by filing a motion for judgment nunc pro tunc in cause number 1996-56962, asking the trial court to add an order of specific performance by the parties to
execute mutual releases. The trial court denied the motion, and the Simmonses filed
a petition for writ of mandamus in the First Court of Appeals, requesting that the trial
court be ordered to sign the judgment nunc pro tunc. This Court, in an unpublished
opinion in cause number 01-02-00755-CV, determined that the Simmonses had an
adequate remedy at law and that the omission from the judgment was not a clerical
error. Therefore, the Simmonses were not entitled to extraordinary relief.


 
          In August 2002, the Simmonses sued Compania for specific performance of the
Rule 11 agreement. Compania answered and filed a motion for summary judgment,
asserting the statute of limitations, res judicata, collateral estoppel, and failure of
consideration as defenses. The trial court granted Compania’s motion without
specifying the grounds and rendered judgment in Compania’s favor on March 3,
2004. 
DISCUSSION
          In their sole issue, the Simmonses contend that the trial court erred in rendering
summary judgment on Compania’s affirmative defenses. The Simmonses argue that
Compania’s breach occurred post-judgment and, therefore, gave rise to a new cause
of action. We follow the well-known standard of review for rule 166a(c) summary
judgments. See Tex. R. Civ. P. 166a(c); Randall’s Food Mkts., Inc. v. Johnson, 891
S.W.2d 640, 644 (Tex. 1995); Lawson v. B Four Corp., 888 S.W.2d 31, 33–34 (Tex.
App.—Houston [1st Dist.] 1994, writ denied). We will affirm the summary judgment
if any theory advanced in the motion for summary judgment and preserved on appeal
is meritorious. See Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 626 (Tex. 1996). 
          Res judicata precludes relitigation of claims that have been finally adjudicated
or that arise out of the same subject matter and that could have been litigated in the
prior action. Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992). This
doctrine bars not only those matters actually litigated, but causes of action or defenses
that arise out of the same subject matter and that could have been litigated in the first
suit. Id. at 630. To establish res judicata, a party must prove the following elements:
(1) a prior final judgment on the merits by a court of competent jurisdiction,
(2) identity of parties or those in privity with them, and (3) a second action based on
the same claims as were raised or could have been raised in the first action. Amstadt
v. U.S. Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996). 
          The final judgment in cause number 1996-56962 established the first two
elements of res judicata. The issue, then, is whether the Simmonses breach-of-contract claim could have been raised in the 1996 lawsuit. The Simmonses argue that
“it would have made no sense” for them to complain in the 1996 lawsuit of
Compania’s failure to execute the mutual release because, while Compania was
seeking damages for breach of the Rule 11 agreement, the Simmonses took the
position that any agreements not specifically incorporated into the judgment in that
case were superseded by the judgment. They cite no authority to support this
argument. 
          The 1996 lawsuit and the present lawsuit arose out of the same Rule 11
agreement. The Simmonses could have raised their breach-of-contract claim in the
1996 lawsuit, but did not. Even if that claim was inconsistent with their defense, they
could have asserted it as an alternative pleading. We hold that Compania has
established the third element of res judicata—that the claim in the second action
could have been raised in the first. Accordingly, the trial court did not err in
rendering summary judgment in favor of Compania.
CONCLUSION
          Having determined that the trial court did not err in rendering summary
judgment on the basis of res judicata, we need not consider the other grounds argued
in Compania’s motion for summary judgment. We overrule the Simmonses’ sole
issue and affirm the judgment of the trial court. 
 

                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Bland.