# NO. 12-23-00304-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PHILIP J. EMERSON, JR.,* *APPELLANT* | § | *APPEAL FROM THE 402ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *HOLLY LAKE RANCH ASSOCIATION, INC., APPELLEE* | § | *WOOD COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Philip J. Emerson, acting pro se, filed a notice of appeal challenging the denial of a motion for partial summary judgment from July 2020, according to his notice of appeal. On December 18, 2023, this Court notified Emerson that the notice of appeal failed to show the jurisdiction of the Court, namely, there is no final judgment or appealable order contained therewith. *See* TEX. R. APP. P. 37.2. We further notified Emerson that the appeal would be dismissed unless the information was amended on or before December 28 to show the jurisdiction of the Court. *See* TEX. R. APP. P. 42.3. Emerson filed various motions, but none establish the jurisdiction of this Court.

Unless specifically authorized by statute, Texas appellate courts have jurisdiction only to review final judgments. *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018). The Wood County online records do not reflect a final judgment in this case. Moreover, an order denying a motion for a summary judgement is not a final judgement and is therefore generally not appealable. *See Sorrow v. Harris County Sheriff*, 622 S.W.3d 496, 508 (Tex. App.—Houston [14th Dist.] 2021, pet. denied) (citing *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996)). Nor is the interlocutory appeal of the denial of summary

judgment in this case authorized by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2023) (appeal from interlocutory order). We also note that Emerson filed his notice of appeal on December 7, 2023, long after the time expired for filing a notice of appeal (or extension of time to file a notice of appeal) from a 2020 order. *See* TEX. R. APP. P. 26.1 (time to perfect appeal in civil cases); *see also* TEX. R. APP. P. 26.3 (extension of time). Because the order of which Emerson complains is not a final judgment or appealable interlocutory order, we lack jurisdiction over his appeal. *See* TEX. R. APP. P. 42.3(a).

We also note, that in August 2020, the 402nd District Court of Wood County found Emerson vexatious pursuant to Section 11.101 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a) (West 2017) (court may enter order prohibiting person from filing, pro se, new litigation in a court to which order applies without permission of appropriate local administrative judge if court finds person is vexatious). The order prohibits Emerson from filing, pro se, new litigation in the 402nd District Court without permission of the appropriate local administrative judge. However, a prefiling order entered by a district court applies to each court in this state. *Id*. § 11.101(e). A vexatious litigant subject to a prefiling order is prohibited from filing, pro se, new litigation in a court to which the order applies without seeking the permission of:

> (1) the local administrative judge of the type of court in which the vexatious litigant intends to file, except as provided by Subdivision (2); or
>
> (2) the local administrative district judge of the county in which the vexatious litigant intends to file if the litigant intends to file in a justice or constitutional county court.

*Id*. § 11.102(a) (West 2017). A clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order unless the litigant obtains an order from the appropriate local administrative judge described permitting the filing. *Id*. § 11.103(a) (West 2017). Here, Emerson has not provided this Court with an order from the local administrative judge permitting the filing of the appeal. *See id*. § 11.1035(b) (West 2017) (court shall dismiss litigation unless plaintiff obtains order from appropriate local administrative judge permitting filing of litigation); *see also* **Reule v. Chism**, No. 12-23-00080-CV, 2023 WL 3157978, at *2 (Tex. App.—Tyler Apr. 28, 2023, no pet.) (per curiam) (mem. op.) (dismissing for want of jurisdiction appeal by vexatious litigant for failure to obtain permission from local administrative judge); **Yazdchi v. JP Morgan Chase Bank, N.A.**, No. 01-17-00301-

CV, 2017 WL 2255773, at *2 (Tex. App.—Houston [1st Dist.] May 23, 2017, no pet.) (per curiam) (mem. op.) (same).

Nevertheless, even with an order granting him permission to appeal, this Court lacks jurisdiction over the appeal due to the absence of a final judgment or appealable interlocutory order. Accordingly, we *dismiss* the appeal for *want of jurisdiction* and *overrule all pending motions as moot*.

Opinion delivered January 3, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JANUARY 3, 2024

NO. 12-23-00304-CV

**PHILIP J. EMERSON, JR.,**
Appellant
V.
**HOLLY LAKE RANCH ASSOCIATION, INC.,**
Appellee

Appeal from the 402nd District Court
of Wood County, Texas (Tr.Ct.No. 2020-059)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*