Opinion issued May 10, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00117-CV

———————————

Adriene L. Sibley, Appellant

V.

Julia
Victoria Eckhardt & Margaret Eckhardt, Appellees



 



 

On Appeal from the 55th Judicial District 

Harris County, Texas



Trial Court Case No. 2009-49295

 



 

MEMORANDUM OPINION

Adriene L. Sibley appeals the trial court’s take-nothing
summary judgment rendered in favor of appellees Julia Victoria Eckhardt and Margaret Eckhardt.  In her first three issues, Sibley challenges
the appellees’ standing and the summary-judgment evidence.  In her remaining issues, Sibley contends that
the trial court erred by granting summary judgment because the Eckhardts’ motion did not specifically present a claim or
argument as to any of her causes of action and did not state an affirmative
defense.  Because we conclude that the
motion for summary judgment was not sufficient to support the order, we reverse
the trial court’s judgment and remand for further proceedings.  

Background

          In
1991, Julia Eckhardt’s parents bought a house in
Harris County.  Approximately ten years
later, the parents divorced.  In
accordance with the divorce decree, all interest in the house was conveyed to
Julia’s father by her mother, Margaret Eckhardt.  Three years later, the property was conveyed
to Julia by her father.  That same day,
Julia sold the house to Adriene Sibley in an
owner-financed transaction.

According to the terms of the deed
of trust, Sibley was required to make monthly mortgage payments, pay all
property taxes and provide proof of such payment annually, maintain an
insurance policy on the property and provide proof of insurance, and obey all
laws, ordinances, and restrictive covenants applicable to the property.  In 2009, Julia’s attorney informed Sibley
that she was in default of the real estate lien note and deed of trust because
she had failed to provide proof of insurance coverage, proof of payment of ad
valorem taxes, and proof of payment of the annual maintenance assessments.  In addition, the demand letter informed
Sibley that the prior month’s mortgage payment was delinquent.  Julia foreclosed on the lien and evicted
Sibley.

          Sibley
filed suit, pro se, against Julia and Margaret, stating that she was bringing
causes of action for wrongful foreclosure with damages, breach of contract, breach of covenant, trespass to try title, wrongful
eviction, fraud, and civil conspiracy. 
Sibley’s lawsuit was premised on an alleged forgery in the chain of
title, which preceded Julia’s and her parents’ ownership of the house.  Sibley contended that the earlier forgery in
the chain of title rendered the lien and deed of trust void and that Julia,
therefore, could not foreclose based on void documents.  In her petition, Sibley made a series of
factual allegations asserting forgery and other fraudulent actions in various
links of the chain of title and irregularities in the foreclosure proceeding,
including an allegation that the Eckhardts failed to
provide her with notice in the manner required by law. 

          Julia
and Margaret filed answers and counterclaims alleging that Sibley’s lawsuit was
frivolous.  In each of their answers, the
Eckhardts pleaded general and specific denials, but
neither pleaded any affirmative defense. 
The Eckhardts filed a motion for summary
judgment.  The motion stated:

Defendants’ Motion embraces
their affirmative defenses as to all claims and issues raised by
Plaintiff.  There is no genuine issue as
to any material fact necessary to establish each and every element of Defendant’s
affirmative defenses, and Defendants are entitled to judgment against
Plaintiff, as a matter of law. 
Defendants seek entry of a “Take Nothing” Judgment against Plaintiff.

 

          The
motion then described the history of the chain of title, beginning with Julia’s
parents’ purchase of the house.  After
reciting this history, the motion stated:

Plaintiff’s pleadings
contain allegations of one or more defects in the chain of title concerning
certain transactions which took place during the 1980s, well before any of the
parties to this action acquired ownership of the property in question.  Plaintiff fails to present evidence of any
actual error in the chain of title, and all of Plaintiff’s claims are simply
without merit.

 

          . . .
.

Plaintiff’s claim that there
is a defect in the chain of title is simply without merit, as can be seen by
the attached Exhibits.  Defendants are
guilty of no wrongdoing, and there is no merit to any of Plaintiff’s claims and
allegations.  Accordingly, Defendants
hereby request this Court to enter a “Take Nothing” Judgment against Plaintiff.

 

The motion did not specifically mention or respond
to the allegation of an earlier forgery in the chain of title.  Nowhere in the motion is any particular
affirmative defense identified or argued. 
The motion does not specifically identify any of Sibley’s causes of
actions or address any specific element thereof.  The motion does not refer to Rule of Civil
Procedure 166a(c) (traditional motion for summary judgment) or 166a(i) (no-evidence motion for
summary judgment).  It does not include
any legal authority, except for general assertions that actions were taken in
accordance with the Texas Property Code, and it does not explain how Sibley’s
claim of a defect in the chain of title related to each—or any—of her causes of
action.

Sibley did not respond to this
motion, but approximately three months later, she filed a traditional motion
for summary judgment.  Both parties’
summary judgment evidence consisted of documents showing the chain of title to
the property.  The Eckhardts’
summary-judgment evidence also included affidavits from Julia and
Margaret.  

Sibley sought permission to file a
late response to the Eckhardts’ motion for summary judgment, which the trial
court denied, stating, “The Motion for Summary Judgment will not be
continued.  The Court will, however,
consider the Plaintiff’s Motion for Summary Judgment filed on 1-10-11 as a
Response to Defendants’ Motion for Summary Judgment.”  The trial court granted the Eckhardts’ motion, stating, “[T]he Court finds that there
is no genuine issue as to any material fact regarding Defendants’ affirmative
defenses to the claims and allegations raised by Plaintiff and that Defendants
are entitled to judgment in this cause, as a matter of law.”  After the trial court dismissed the
counterclaims, Sibley filed a notice of appeal.

Analysis

We review de novo the trial court’s
ruling on a motion for summary judgment.  Mann Frankfort Stein & Lipp Advisors,
Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  When both sides move for summary judgment and
the trial court grants one motion and denies the other, we review the
summary-judgment evidence presented by both sides and determine all questions
presented.  Id. at 848; Comm’rs Court of Titus Cnty. v. Agan, 940
S.W.2d 77, 81 (Tex. 1997).  In such a
situation, we render the judgment the trial court should have rendered.  Mann
Frankfort Stein & Lipp Advisors, 289 S.W.3d at 848; Agan, 940 S.W.2d at 81.

The party moving for traditional
summary judgment bears the burden of showing that no genuine issue of material
fact exists and that it is entitled to judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); see also
Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215–16
(Tex. 2003).  A plaintiff moving for
summary judgment must conclusively prove all essential elements of its claim.  See Rhone–Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999).
 A matter is conclusively established if
reasonable people could not differ as to the conclusion to be drawn from the
evidence.  See City of Keller v. Wilson, 168 S.W.3d
802, 816 (Tex. 2005).  If the
movant meets its burden, the burden then shifts to the nonmovant
to raise a genuine issue of material fact precluding summary judgment.  See Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).  The evidence raises a genuine issue of fact
if reasonable and fair-minded jurors could differ in their conclusions in light
of all of the summary-judgment evidence.  Goodyear Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007)
(per curiam).  

A defendant moving for summary
judgment must conclusively negate at least one essential element of each of the
plaintiff’s causes of action or conclusively establish each element of an
affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997).  When
reviewing a summary judgment, a court of appeals should consider summary
judgment grounds that the trial court rules on and the movant preserves for
appellate review that are necessary to a final disposition of the appeal.  Cincinnati Life Ins. Co. v. Cates,
927 S.W.2d 623, 626 (Tex. 1996).  In addition, in the interest of judicial
economy, the appellate court may consider other grounds that the movant
preserved for review and the trial court did not rule on.  Id.  

A motion for summary judgment must “state
the specific grounds therefor.”  Tex. R. Civ. P. 166a(c); McConnell
v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341–42
(Tex. 1993) (“a motion for summary judgment must itself expressly present the
grounds upon which it is made”); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671 (Tex. 1979).  A motion for summary judgment must identify or
address the cause of action or defense at issue and its elements.  Black v. Victoria Lloyds Ins. Co., 797 S.W.2d 20, 27 (Tex. 1990).  “[A] trial court cannot grant a summary
judgment motion on grounds not presented in the motion.”  Timpte Indus., Inc. v.
Gish, 286 S.W.3d 306, 310 (Tex. 2009); see
McConnell, 858 S.W.2d at 341.  “In determining whether grounds are expressly
presented, we may not rely on briefs or summary judgment evidence.”  Sci.
Spectrum, 941 S.W.2d at 912.

When a motion does not state any
grounds for summary judgment, the non-movant should file exceptions in the
trial court.  McConnell, 858 S.W.2d at 342.  Nevertheless, Rule of Civil Procedure 166a(c)
requires the party moving for summary judgment to show that he is “entitled to
judgment as a matter of law on the issues expressly set out in the motion.”  Tex. R. Civ. P. 166a(c).
 Therefore, even if the non-movant did
not except to the motion in the trial court, he may argue on appeal that the motion
did not set forth sufficient grounds for summary judgment.  McConnell,
858 S.W.2d at 342; Clear Creek Basin
Authority, 589 S.W.2d at 678 (“While it would be prudent and helpful to the
trial court for the non-movant always to file an [exception,] answer or
response, the non-movant needs no [exception,] answer or response to the motion
to contend on appeal that the grounds expressly presented to the trial court by
the movant’s motion are insufficient as a matter of law to support the summary
judgment.”).  When a motion states one or
more grounds for summary judgment, summary judgment cannot be upheld based on a
different ground.  Sci Spectrum, 941 S.W.2d at 912.  

 

In Sibley’s fourth, fifth, and
sixth issues, Sibley contends that the trial court erred by granting summary
judgment because the motion for summary judgment did not raise an affirmative
defense or present any claims or arguments to defeat Sibley’s causes of action.  The Eckhardts’
motion states that it “embraces their affirmative defenses as to all claims and
issues raised by [Sibley].”  It further
states that “[t]here is no genuine issue as to any material fact necessary to
establish each and every element of Defendants’ affirmative defenses and
Defendants are entitled to judgment against [Sibley], as a matter of law.”  Likewise, the final summary judgment order recites
that “the Court finds that there is no genuine issue as to any material fact
regarding Defendants’ affirmative defenses to the claims and allegations raised
by [Sibley] and that Defendants are entitled to judgment in this cause, as a
matter of law.”

“An affirmative defense is a matter
asserted in avoidance of a party’s argument or position, rather than a matter
asserted in denial of that party’s position.” 
Compass Bank v. MFP Fin. Servs., Inc., 152 S.W.3d 844, 851 (Tex. App.—Dallas
2005, pet. denied); see Gorman v. Life
Ins. Co. of N. Am., 811 S.W.2d 542, 546 (Tex. 1991) (“Pleading an affirmative
defense permits introduction of evidence which does not tend to rebut the
factual propositions asserted in the plaintiff's case, but which seeks to
establish an independent reason why the plaintiff should not recover. . .
.  In short, an affirmative defense is
one of avoidance, rather than a defense in denial.”).  The Eckhardts did
not plead any affirmative defense in their answers.  Although an unpleaded
affirmative defense may support a summary judgment when raised in the motion, see McConnell, 858 S.W.2d at 339, the Eckhardts’ motion for summary judgment did not identify any
particular affirmative defense or any elements of an affirmative defense.  See Roberts,
811 S.W.2d at 146 (“Grounds may be stated concisely . . . [b]ut they must at least be listed in the motion.”).  We hold that the motion for summary judgment
did not specifically state grounds of an affirmative defense that could support
the trial court’s judgment.  Tex. R. Civ. P. 166a(c); McConnell,
858 S.W.2d at 341–42.  We sustain Sibley’s sixth issue.

          Although
the trial court expressly based its ruling on affirmative defenses, in the
interest of judicial economy, we will consider all grounds for summary judgment
that the Eckhardts properly presented to the trial
court.  See Cincinnati Life Ins., 927 S.W.2d at 625.  Their motion for summary judgment stated that
Sibley was suing to set aside a “(deed of trust) foreclosure sale,” that the Eckhardts sought entry of a take-nothing judgment against
Sibley, that Sibley’s claims “are simply without merit,” that Sibley’s “claim
that there is a defect in the chain of title is simply without merit, as can be
seen by the attached Exhibits,” that “Defendants are guilty of no wrongdoing,”
and that “there is no merit to any of Plaintiff’s claims and allegations.”

Aside from stating that Sibley was
seeking to set aside a foreclosure sale, the motion does not identify any of
Sibley’s alleged causes of action.  It
does not refer to any of the elements of any cause of action.  See
Black, 797 S.W.2d at 27.  It does not explain how the lack of merit in
Sibley’s contention of an earlier forgery in the chain of title relates to all
of her alleged causes of action or why the court should render a take-nothing
judgment if presented with conclusive proof that there is no defect in the
chain of title.  The recitation of facts
and the history of the transaction begins with Julia’s
parents’ purchase of the house in question and does not anywhere address the
alleged earlier forgery.  Although the Eckhardts’ appellate brief fills many of the gaps apparent
in the motion for summary judgment, “summary judgments must stand on their own
merits,” Clear Creek Basin Authority,
589 S.W.2d at 678, and we cannot uphold a summary judgment on the basis of
“unstated” grounds.  See Roberts, 811 S.W.2d at 144. 
Accordingly, we conclude that the Eckhardts’
motion was insufficiently specific as to the grounds upon which they sought
summary judgment, and we hold that the trial court erred by granting summary
judgment.  See McConnell, 858 S.W.2d at 342; Siegert, 961 S.W.2d 349–50. 
Because this holding requires that we reverse and remand for further
proceedings in the trial court, we need not address Sibley’s first three
issues.

Conclusion

          We reverse the trial
court’s final summary judgment and remand for further proceedings.

 

 

                                                                      Michael
Massengale

                                                                      Justice


 

Panel
consists of  Chief
Justice Radack and Justices Massengale and Huddle.