**Opinion filed November 26, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00339-CV

_____

## ALFRED ELWESS, Appellant

## V.

## FARM BUREAU COUNTY MUTUAL INSURANCE COMPANY OF TEXAS AND TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, Appellees

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CV1007222**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment order entered in favor of Appellees, Farm Bureau County Mutual Insurance Company of Texas and Texas Farm Bureau Mutual Insurance Company. We reverse and remand.

Alfred Elwess, Appellant, was employed by Glendell P. "Pete" Gipson and was driving a truck in the course and scope of his employment when he was broadsided by a vehicle being driven by Carlos Molina. The collision caused the truck to overturn, and it landed on its side. Appellant hung from his seatbelt until he was able to free himself. He suffered a torn rotator cuff.

Several insurance policies are involved in the dispute between the parties to this appeal. It does not appear that Molina personally had an automobile insurance policy. However, the vehicle that he was driving was owned by Khoun Rattana, and Rattana had an insurance policy with Affirmative Insurance Company (AIC). Appellant settled with AIC for the liability policy limit of $25,000. Appellant also settled with Northland Insurance Company, Southern County Mutual Insurance Company for $70,000 under the Uninsured/Underinsured Motorist Protection coverage of a policy held by Appellant's employer and for $2,505 under the Personal Injury Protection coverage of the same policy. Appellant had two insurance policies with Appellees, each of which provided Uninsured/Underinsured Motorist coverage.

Appellant filed suit against Appellees and sought to recover under his underinsured motorist (UIM) coverage provided for in his policies. Appellees filed a motion for summary judgment in which they sought judgment on all claims that Appellant alleged against them. Appellees based their motion for summary judgment on traditional summary judgment grounds, and alternatively, they sought summary judgment on their declaratory judgment actions.

Appellees alleged that they were entitled to a traditional summary judgment on two grounds. In their first ground, they argued that the policies did not provide UIM coverage to Appellant under the circumstances because Appellant failed to obtain permission to settle his claim against Molina as required under the policy and, thus, materially breached the contract. Appellees asserted in their second

ground that the policies did not provide UIM coverage because Appellant's damages were payable under workers' compensation and, therefore, that coverage was excluded by a provision in the policies. In the alternative, Appellees sought summary judgment on their declaratory judgment actions and argued, in three separate grounds, that they were entitled to a credit or offset toward any judgment that Appellant might obtain against them. They took the position that the credit or offset should be in the amount of the maximum amount of liability limits available to Molina ($25,000), in the amount of the limit available for UIM coverage under the employer's insurance policy ($75,005), and in the amount of the limit available for Personal Injury Protection coverage under the employer's insurance policy ($2,505). The trial court granted Appellees' motion and entered a take-nothing judgment against Appellant.

Appellant presents five issues for our review. In his first two issues, Appellant challenges the sufficiency of the evidence to support the trial court's conclusion that Appellant's failure to obtain permission to settle was a material breach and that the loss was covered by other remedies under the law such as workers' compensation or disability benefits. Appellant argues in his third issue that the trial court erred if it granted Appellees' request for a credit or offset when it granted Appellees' motion for summary judgment. In his fourth issue, Appellant contends that the trial court erred when it found, as a matter of law, that credits created by the underinsured motorist provision of the applicable "other insurance clause" were sufficient to overcome a potential jury verdict in his favor. And, in his fifth issue, Appellant asserts that the trial court erred when it found that the other insurance clause applied to create a credit against any jury award in this matter.

We review a trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When reviewing a

3

summary judgment, the appellate court takes as true evidence favorable to the nonmovant. *Id.* A trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). The nonmovant is not required to file a response to defeat the movant's summary judgment motion; however, once the movant establishes a right to judgment as a matter of law, the nonmovant must come forward with evidence or law that precludes summary judgment. *Clear Creek*, 589 S.W.2d at 678–79.

Appellant argues in his first issue that there was insufficient evidence to show that his failure to obtain permission to settle was a material breach. The policies issued by Appellees contained an exclusion of coverage for a person that settled a claim without Appellees' written consent. Appellant admitted that he did not obtain permission to settle, but he did not concede that any breach was material.

In *Hernandez v. Gulf Group Lloyds*, the Supreme Court of Texas held that "an insurer may escape liability on the basis of a settlement-without-consent exclusion only when the insurer is actually prejudiced by the insured's settlement with the tortfeasor." 875 S.W.2d 691, 692 (Tex. 1994). There may be instances when an insured's settlement without the insurer's consent prevents the insurer from receiving the anticipated benefit from the insurance contract; specifically, the settlement may extinguish a valuable subrogation right. *Id*. at 693. Appellees contended in their motion for summary judgment that Appellant's settlement with Molina prejudiced Appellees' subrogation rights because the police report completed in relation to the accident indicated that Molina was covered by an additional insurance policy other than the policy under which Appellant settled.

4

The police report listed a policy held by Rattana with Old American County Mutual Fire. Except for the name of the insured, the name of the insurer, and the policy number, the police report did not contain any other information regarding the policy. Appellant argues that this limited information did not conclusively show that Appellees were prejudiced by the settlement. We agree. Appellees attached no other evidence to their motion for summary judgment regarding the potential coverage by Old American. Without competent summary judgment evidence to show that the policy actually existed, that the policy was in effect at the time of the accident, and that the policy provided coverage under the circumstances, Appellees failed to conclusively establish that they were actually prejudiced by Appellant's settlement with Molina for $25,000. Because Appellees did not establish that they were actually prejudiced, they failed to show that Appellant's breach of the contract was material. Therefore, Appellees failed to establish that they were entitled to judgment as a matter of law on this ground. We sustain Appellant's first issue.

In his second issue, Appellant argues that there was insufficient evidence to show that the loss was covered by other remedies under the law, such as workers' compensation or disability benefits. Appellees contended in their motion for summary judgment that coverage was excluded by the following provision in their policies:

> In order to avoid insurance benefits payments in excess of actual damages sustained, subject only to the limits set out in the Declarations and other applicable provisions of this coverage, **we** will pay all covered damages not paid or payable under any workers' compensation law, disability benefits law, any similar law, auto medical expense coverage or Personal Injury Protection Coverage.

Specifically, Appellees alleged that the policies did not provide UIM coverage because Appellant's damages were payable by workers' compensation.

In *Mid-Century Insurance Co. of Texas v. Kidd*, the Supreme Court of Texas discussed several cases in which it had previously analyzed whether provisions, such as the one at issue here, were valid and enforceable. 997 S.W.2d 265, 267–70 (Tex. 1999). In its discussion, the court stated that "offsets in the UM/UIM section of the policy are ineffective to the extent that they prevent recovery of actual damages or reduce UM protection below the minimum limits required by the UM statute." *Id.* at 270. There is no dispute that Appellant's employer did not have workers' compensation coverage. Appellees argued in their motion for summary judgment that, despite the fact that Appellant's employer failed to provide such protection to its employees, Appellant's damages were payable under workers' compensation law. Appellees did not, however, cite to any case or statute to support their proposition, nor did they attach summary judgment evidence to show that Appellant's damages were payable under workers' compensation law. Appellees also did not address this issue in their brief to this court. In addition, the Texas Labor Code provides that "an employer *may* elect to obtain workers' compensation insurance coverage." TEX. LAB. CODE ANN. § 406.002(a) (West 2006) (emphasis added). Thus, an employer is not generally required to have workers' compensation coverage in Texas.

Here, Appellant could not have recovered under workers' compensation coverage because his employer did not have such coverage. Because Appellant could not and did not recover under workers' compensation, applying the provision at issue would prevent Appellant from recovering actual damages. Therefore, Appellees were not entitled to summary judgment on this ground. We sustain Appellant's second issue.

Having sustained Appellant's first and second issues, we have addressed the dispositive issues in this appeal because we have determined that it was improper for the trial court to grant summary judgment on the only two grounds on which

the trial court could have granted summary judgment and entered a take-nothing judgment. Appellees third, fourth, and fifth grounds for summary judgment were all based on the proposition that they were entitled to a credit or offset toward any judgment entered in favor of Appellant if the trial court did not grant summary judgment on one of its first two grounds. Because the trial court granted summary judgment and entered a take-nothing judgment against Appellant, it did not reach the third, fourth, and fifth grounds of Appellees' motion. As such, we decline to address those three grounds in our review and, thus, do not reach Appellant's third, fourth, and fifth issues as to those grounds. *See* TEX. R. APP. P. 47.1; *see also Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 5 (Tex. 1999) ("[T]he appellate court must review all of the summary judgment grounds on which the trial court actually ruled, whether granted or denied, and which are dispositive of the appeal, and *may* consider any grounds on which the trial court did not rule.") (emphasis added) (citing *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625–26 (Tex. 1996)). Furthermore, we find it premature to hold as a matter of law that Appellees are entitled to a credit or offset toward any judgment in favor of Appellant when there have been no sustainable findings of liability or damages in this case.

We reverse the judgment of the trial court and remand the cause for further proceedings not inconsistent with this opinion.


JIM R. WRIGHT
CHIEF JUSTICE

November 26, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

7