**Affirmed and Memorandum Opinion filed July 30, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00498-CV

## KRISTIN TURLEY GIBSON AND BILLY GIBSON, AS NEXT FRIENDS OF K.G., A MINOR, Appellants

### V.

## PLANNED PARENTHOOD GULF COAST, Appellee

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2014-36925**

## M E M O R A N D U M   O P I N I O N

Kristin and Billy Gibson, as next friends of their daughter, K.G., appeal a summary judgment dismissing K.G.'s negligence claims against appellee, Planned Parenthood Gulf Coast. K.G. alleged that Planned Parenthood's employee, while inserting an intrauterine device into Kristin, negligently perforated Kristin's uterus. K.G. claimed she was damaged as a result of Planned Parenthood's negligence, which is alleged to have occurred before K.G. was conceived. On appeal, K.G.

argues that the trial court erred in granting summary judgment to Planned Parenthood because (1) Planned Parenthood owed a duty to K.G., before she was conceived, to exercise reasonable care in its placement of the intrauterine device, and (2) K.G. presented evidence that Planned Parenthood's breach of the standard of care proximately caused K.G.'s alleged injuries.

We conclude that K.G. did not present a scintilla of evidence that Planned Parenthood's alleged negligence proximately caused the damages K.G. claims. Our determination on proximate cause renders it unnecessary to address the duty and breach questions raised. We affirm the trial court's judgment.

## Background

We summarize the evidence in the light most favorable to appellant, as the summary-judgment nonmovant.[1] On December 21, 2010, Kristin underwent a procedure at Planned Parenthood during which an intrauterine device ("IUD") was placed for contraception. The procedure was performed by a nurse employed by Planned Parenthood. Kristin had given birth to a child six weeks earlier. According to appellant, the position of Kristin's uterus coupled with her recent delivery placed her at an unacceptably high risk of suffering a perforation during placement of an IUD.

Approximately fifteen months later, in April 2012, Kristin believed she was pregnant and returned to Planned Parenthood for confirmation and potential removal of the IUD. The pregnancy was confirmed, and the nurse attempted unsuccessfully to remove the IUD. Planned Parenthood referred Kristin to a higher level of care. The next Monday, Kristin saw Dr. Samuel Bharksuwan, the doctor who delivered her last child, to remove the IUD. Dr. Bharksuwan told Kristin that

---

[1] Only K.G.'s claims are at issue in this appeal. For convenience, we refer to K.G. simply as "appellant."

2

he could not see the IUD strings and explained that he thought the device must have "fallen out." No further removal attempts were made. Contrary to Dr. Bharksuwan's belief, however, the IUD had not fallen out, and Kristin maintained her pregnancy while retaining the IUD in her uterus.

The following July, Kristin returned to Dr. Bharksuwan with complaints of second trimester bleeding. Dr. Bharksuwan released Kristin to continue her pregnancy at home and did not place her on antibiotics or bed rest. There is no indication in the record that Dr. Bharksuwan detected the IUD's presence at this time. One week later, on July 19, 2012, Kristin presented to the hospital with signs of an infection. Kristin's membrane had ruptured prematurely, and she delivered appellant by cesarean section on July 20, 2012, at twenty-six weeks gestation. Appellant remained hospitalized for approximately five months and was discharged on December 23, 2012. According to the record, appellant has not suffered any permanent or long-term injury, and Kristin testified that appellant is meeting her developmental milestones. Kristin has not been told that appellant will be unable to live a healthy life.

Appellant's expert, Dr. James Martin Wheeler, testified that Planned Parenthood breached the applicable standard of care when its nurse placed the IUD on December 21, 2010 because the placement perforated Kristin's uterus. He acknowledged, however, that Planned Parenthood properly referred Kristin to a doctor in April 2012, after confirming Kristin's pregnancy and unsuccessfully attempting to remove the IUD.

Kristin and Billy Gibson filed the present lawsuit, asserting claims individually and as next friends of appellant. The relevant petition named as defendants Samuel Bharksuwan, M.D., an obstetrician; Dr. Bharksuwan's solo professional association; Teva Pharmaceutical USA, Inc.; Teva Women's Health,

3

Inc.;[2] and Planned Parenthood. The plaintiffs alleged they sustained injuries in the course of prenatal care, treatment, and delivery. With respect to Planned Parenthood, the plaintiffs asserted causes of action for negligence and gross negligence.

As to the parents' individual claims, Planned Parenthood moved for summary judgment on statute of limitations grounds. The trial court granted the motion and dismissed with prejudice the parents' individual claims against Planned Parenthood. The parents have not appealed that ruling, and their individual claims are not before us.

Planned Parenthood also filed a motion for summary judgment as to the claims of the minor child, appellant. The motion was based on both traditional and no-evidence grounds. In the no-evidence portion of the motion, Planned Parenthood argued that appellant could present no evidence of the breach or proximate cause elements of her negligence claim. In the traditional portion of the motion, Planned Parenthood argued that, as a matter of law, it owed no duty to appellant in the placement of a birth control device in the mother prior to appellant's conception. As Planned Parenthood argued, "Texas does not recognize any duty of care owed to the unconceived." The trial court signed an order granting the motion for summary judgment in Planned Parenthood's favor on the specific ground that "no cause of action has been recognized in Texas for recovery for injuries resulting from conduct that occurred before [K.G.]'s conception."

Following summary judgment for Planned Parenthood, only the claims against Dr. Bharksuwan remained, which the trial court set for trial in February

---

[2] Teva Pharmaceutical USA, Inc., and Teva Women's Health, Inc., were alleged to be engaged in the design, manufacture, marketing, and sale of the ParaGard IUD at issue. The trial court dismissed the claims against them on summary judgment, and they are not at issue in this appeal.

2018. Shortly before trial was to commence, the plaintiffs and Dr. Bharksuwan reached a confidential settlement. All remaining claims were dismissed.

This appeal followed.

## Standard of Review

When a party files both traditional and no-evidence motions for summary judgment, generally we first review the trial court's decision under the no-evidence standard. *See* Tex. R. Civ. P. 166a(i); *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). If we determine that the no-evidence summary judgment was properly granted, we do not reach arguments under the traditional motion for summary judgment. *See Merriman*, 407 S.W.3d at 248; *Ford Motor Co. v. Ridgeway*, 135 S.W.3d 598, 600 (Tex. 2004).

A trial court must grant a no-evidence motion for summary judgment if: (1) the moving party asserts that there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof at trial; and (2) the respondent produces no summary-judgment evidence raising a genuine issue of material fact on each of the challenged elements. *See* Tex. R. Civ. P. 166a(i). No-evidence points must, and may only, be sustained when the record discloses one of the following situations: (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence establishes conclusively the opposite of the vital fact. *Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010). "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Id*.

5

The challenged order states that the trial court dismissed appellant's claims on the specific ground that Texas does not recognize a claim for recovery of damages based on negligence occurring pre-conception. The court did not rule on the other grounds Planned Parenthood asserted in its summary-judgment motion. In *Cincinnati Life Insurance Co. v. Cates*, 927 S.W.2d 623 (Tex. 1996), the Supreme Court of Texas held that, in reviewing a summary judgment, appellate courts should consider all summary-judgment grounds on which the trial court ruled and the movant preserved error that are necessary for final disposition of the appeal. *Id*. at 626. Additionally, in the interest of judicial economy, appellate courts may consider other grounds that the movant preserved for appellate review but the trial court did not make a basis of its summary judgment. *See id*. Accordingly, if the specific ground on which the trial court granted summary judgment is not necessary to final disposition, we need not address that ground when, as here, we can affirm the judgment on alternative grounds the movant preserved for review and briefed in our court even though the trial court did not expressly rule on them. *See id*.; *Paulsen v. Yarrell*, 537 S.W.3d 224, 234-35 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *cf. also Ward v. Lamar Univ*., 484 S.W.3d 440, 452 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

## Analysis

Appellant presents two issues. First, she argues that the trial court erred in granting summary judgment on the ground that Texas does not recognize a cause of action for injuries allegedly resulting from conduct occurring prior to a plaintiff's conception. More particularly, appellant contends that Planned Parenthood owed a legal duty to Kristin's unconceived children to exercise reasonable care in the placement of the IUD, including the duty to prevent "injury from a premature birth caused by improper placement of an intrauterine device."

6

Second, appellant argues that she presented more than a scintilla of evidence in response to Planned Parenthood's no-evidence summary-judgment motion on the breach and proximate cause elements.

We conclude that appellant offered no evidence to support her allegation that any breach of duty by Planned Parenthood proximately caused the injuries alleged. Our holding renders it unnecessary to address the duty and breach issues.

## A.     Applicable Law

In a medical negligence case, the plaintiff must prove that (1) the defendant owed her a duty to act according to an applicable standard of care, (2) the defendant breached the applicable standard of care, (3) she suffered an injury, and (4) the defendant's breach proximately caused her injury. *See Bustamante v. Ponte*, 529 S.W.3d 447, 456 (Tex. 2017). The causation standard in medical malpractice cases is one of "reasonable medical probability" that the plaintiff's injuries were caused by the negligence of the defendant. *Gunn v. McCoy*, 554 S.W.3d 645, 658 (Tex. 2018); *Jelinek*, 328 S.W.3d at 532-33. This standard requires plaintiffs to prove that it is "more likely than not" that the ultimate harm or condition resulted from the negligence at issue. *Jelinek*, 328 S.W.3d at 533. Claimants must make the required showing through expert testimony. *See id.* at 533-34; *Stamatis v. Methodist Willowbrook Hosp.*, No. 14-15-00829-CV, 2016 WL 4404502, at *4 (Tex. App.—Houston [14th Dist.] Aug. 18, 2016, no pet.) (mem. op.); *Kimbrell v. Mem'l Hermann Hosp. Sys.*, 407 S.W.3d 871, 879 (Tex. App.—Houston [14th Dist.] 2013, no pet.). "It is not enough for an expert simply to opine that the defendant's negligence caused the plaintiff's injury." *Jelinek*, 328 S.W.3d at 536. The expert must also explain, to a reasonable degree of medical probability, how and why the negligence caused the injury. *Id*. The causal connection between the defendant's negligence and the injuries must be based on

more than conjecture, speculation, or possibility. *See Lenger v. Physician's Gen. Hosp., Inc.*, 455 S.W.2d 703, 706 (Tex. 1970); *Morrell v. Finke*, 184 S.W.3d 257, 272 (Tex. App.—Fort Worth 2005, pet. denied). A defendant's act or omission need not be the sole cause of an injury, as long as it is a substantial factor in bringing about the injury. *Bustamante*, 529 S.W.3d at 457.

Moreover, "when the evidence demonstrates that 'there are other *plausible* causes of the injury or condition that could be negated, the plaintiff must offer evidence excluding those causes with reasonable certainty.'" *Bustamante*, 529 S.W.3d at 456 (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 720 (Tex. 1997)). In *Jelinek*, the Supreme Court held that when several likely causes for an injury are present, an expert must explain why one cause and not the other was the proximate cause of the injury. *See Jelinek*, 328 S.W.3d at 529.

## B.    Application

In the no-evidence portion of its summary-judgment motion, Planned Parenthood asserted that no evidence established that any negligence on its part proximately caused appellant's alleged injuries. In her response, appellant asserted that her premature birth was proximately caused (1) by Planned Parenthood's negligence in causing the IUD to perforate Kristin's uterus during placement, and (2) by retention of the IUD during Kristin's pregnancy.[3] In support, appellant cited to deposition excerpts of Dr. Wheeler and Kristin.

Because appellant argued that her premature birth had two contributing causes, we first identify the conduct relevant to our causation analysis. Dr. Wheeler did not opine that the IUD was retained in Kristin's uterus because of

---

[3] Appellant also argued that retention of the IUD caused Kristin to suffer an infection. This is an alleged injury to Kristin and is not before us. The summary-judgment response did not assert or cite evidence that appellant suffered an infection.

Planned Parenthood's negligence. When asked if he had any criticisms of Planned Parenthood in referring Kristin to a higher level of care in April 2012 following an unsuccessful attempt to remove the IUD, Dr. Wheeler said he had none, and that Planned Parenthood's referral "was the right thing to do." Kristin did not return to Planned Parenthood but immediately saw her doctor, who did not detect the IUD's presence and did not remove it at that time. Dr. Wheeler believed that when Kristin saw Dr. Bharksuwan on April 18, 2012, the IUD was not "properly placed" but was either in the uterus wall or traversed the wall and protruded into the peritoneal cavity. Dr. Bharksuwan later discovered and removed the IUD after delivering appellant in July 2012. At the time of his deposition, Dr. Wheeler had not formed an opinion faulting Planned Parenthood for the fact that the IUD was not removed in April 2012. Appellant attached no supplemental opinions from Dr. Wheeler concluding that Planned Parenthood breached the applicable standard of care in April 2012.

Dr. Wheeler expressed an opinion, however, as to whether Planned Parenthood's conduct in December 2010 breached the standard of care. According to Dr. Wheeler, Planned Parenthood breached the standard of care by perforating Kristin's uterus when placing the IUD. Because Planned Parenthood's conduct in December 2010 is the only conduct about which Dr. Wheeler opined that Planned Parenthood breached the standard of care, we must determine whether appellant presented a scintilla of evidence that Planned Parenthood's alleged negligence in perforating Kristin's uterus while placing the IUD proximately caused appellant's premature birth.[4]

We have reviewed all the evidence appellant attached to her summary-

---

[4] We do not presume that appellant has a valid cause of action against Planned Parenthood based on its alleged negligent act occurring before appellant was conceived.

judgment response and find no evidence that Planned Parenthood's breach of the standard of care in December 2010 proximately caused appellant's premature birth. In the deposition testimony attached to appellant's response, Dr. Wheeler does not opine that to a reasonable medical probability Planned Parenthood's December 2010 conduct caused appellant's premature birth. *See Gunn*, 554 S.W.3d at 658. Additionally, appellant attached the deposition of Dr. Bharksuwan, who opined that appellant's premature birth was caused by something else: Kristin's smoking during pregnancy. Dr. Wheeler acknowledged that Kristin smoked ten cigarettes a day during her pregnancy, but he did not make any effort to explain based on scientific principles why Kristin's smoking, as another plausible cause of appellant's premature birth, could be excluded with reasonable certainty. *See Bustamante*, 529 S.W.3d at 456; *Jelinek*, 328 S.W.3d at 536.

Appellant also attached Dr. Wheeler's expert report to her summary-judgment response. Planned Parenthood objected to the report on several grounds and the trial court apparently did not rule on the objections. Presuming we can consider the report, it too does not explain to a reasonable degree of medical probability how and why Planned Parenthood's negligence caused appellant's premature delivery. *See Jelinek*, 328 S.W.3d at 536. The report states merely that but for Planned Parenthood's negligence, "Mrs. Gibson would not have conceived" and "the resulting pregnancy would not have delivered prematurely." This is the extent of the report's reference to causation relating to Planned Parenthood's asserted breaches of the standard of care, but the statement is conclusory and constitutes no evidence. *See Windrum v. Kareh*, No. 17-0328, —S.W.3d—, 2019 WL 321925, at *3 (Tex. Jan. 25, 2019); *see also Bustamante*, 529 S.W.3d at 462. Bare or baseless opinions cannot support a judgment, even if admitted without objection. *See Windrum*, 2019 WL 321925, at *3; *Gunn*, 554 S.W.3d at 662; *City*

*of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex. 2009). In short, appellant presented no evidence that Planned Parenthood's negligence in December 2010 proximately caused appellant's premature birth.

Appellant also argued in her summary-judgment response that the IUD was less effective because it perforated Kristin's uterus and that Kristin became pregnant with appellant as a result. Appellant argues similarly on appeal, though it is not clear whether appellant is contending that Planned Parenthood's negligence in perforating Kristin's uterus with the IUD caused appellant injury by the fact of her conception. Conception is not an injury to the conceived. There exists no cause of action in Texas for wrongful life. *Nelson v. Krusen*, 678 S.W.2d 918, 925 (Tex. 1984). Even so, the summary-judgment evidence presented contains no expert testimony establishing that, to a reasonable medical probability, Planned Parenthood's alleged negligence in placing the IUD and perforating Kristin's uterus proximately caused appellant's conception.

We overrule appellant's second issue. Due to our disposition, we need not address her first issue.

## Conclusion

We affirm the trial court's judgment.

/s/    Kevin Jewell
Justice

Panel consists of Justices Wise, Jewell, and Hassan.

11